IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXANDER VILLA, ) | |
| ) | Case No. 1:25-cv-1968 |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | Honorable Matthew F. Kennelly |
| ANTHONY NORADIN, SAMUEL ) | United States District Judge |
| CIRONE, WILLIAM BROGAN, DENIS ) | |
| WALSH, JOEL KELLER, JOHN GRAHAM, ) | |
| ALBERT PEREZ, DONALD FALK, JAMES ) | |
| GILGER, JOHN HILLMAN, TIMOTHY ) | |
| MCDERMOTT, MARC LEAVITT, HECTOR ) | |
| ALVAREZ, JOHN FOLINO, MAURIZIO ) | |
| INZERRA, DEMOSTHEN BALODIMAS, ) | |
| GARY YAMASHIROYA, CHRISTOPHER ) | |
| KENNEDY, JAMES SANCHEZ, ) | **JURY TRIAL DEMANDED** |
| MATTHEW CLINE, CHARLES DALY, ED ) | |
| ZABLOCKI, GARRY MCCARTHY, ) | |
| NICHOLAS ROTI, JOSEPH GORMAN, ) | |
| SCOTT DEDORE, MICHAEL DYRA, ) | |
| MICHAEL NUNEZ, JOEL BEMIS, SCOTT ) | |
| KORHONEN, JOHN ESCALANTE, LEO ) | |
| SCHMITZ, SEAN FERGUS as special ) | |
| representative of SHEAMUS FERGUS, ) | |
| ROBERT BARTIK, RICHARD GREEN, ) | |
| NICHOLAS SPANOS, the CITY OF ) | |
| CHICAGO, FRANCO DOMMA, NANCY ) | |
| ADDUCI, ANDREW VARGA, JOHN ) | |
| BRASSIL, and COOK COUNTY, DON ) | |
| GIULIANO, the VILLAGE of FRANKLIN ) | |
| PARK. ) | |
| ) | |
| *Defendants*. ) | |

**DEFENDANT OFFICERS' FED. R. CIV. PRO. 12(b)(6)**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COME Defendants, Christopher Kennedy, James Sanchez, Matthew Cline, Charles Daly, Ed Zablocki, Nicholas Roti, Joseph Gorman, Scott Dedore, Michael Dyra, Michael Nunez, Joel Bemis, Scott Korhonen, John Escalante, Leo Schmitz, Sean Fergus as Special Representative of Sheamus Fergus, deceased, Robert Bartik, Richard Green, Nicholas Spanos, (hereinafter, "Moving

1

Chicago Police Officer Defendants") by and through their counsel, Steven B. Borkan, Timothy P. Scahill, Emily E. Schnidt, Misha Itchhaporia, Amanda C. Guertler, and Drew E. Wycoff of BORKAN & SCAHILL, LTD., and, pursuant to Fed. R. Civ. Pro. 12(b)(6), hereby move to dismiss Plaintiff's First Amended Complaint for failure to state a claim. In support thereof, Defendants state as follows:

## INTRODUCTION

This case arises from the murder of an off-duty Chicago police officer, Clifton Lewis. Dkt. 67 at ¶ 27. Plaintiff, Alexander Villa, alleges "Defendant Officers" encompassing Chicago Police officers, Franklin Park police officers, and Cook County Sheriff's Office police officers coerced confessions and witness statements, fabricated reports, suppressed exculpatory evidence, and engaged in misconduct resulting in the wrongful conviction of Plaintiff. *Id.* at 27-67. Plaintiff's First Amended Complaint against Moving Chicago Police Officer Defendants must be dismissed because the First Amended Complaint improperly engages in collective group pleading and fails to provide each Moving Chicago Police Officer Defendant with fair notice of the claims against him. Specifically, Counts I, II, III, IV, VI, VII, VII,[1] and IX must be dismissed because the Counts are pled against all Defendant Officers and lack any specificity as to which officer allegedly engaged in misconduct. Specifically, throughout his Complaint, Plaintiff fails to allege any personal involvement by any of the individual Moving Chicago Police Officer Defendants. Moreover, Counts IV and IX must be dismissed because they fail to identify any actions taken individually by Moving Chicago Police Officer Defendants in the advancement of an alleged conspiracy. Finally, because Plaintiff's § 1983 claims fail, his derivative state law intentional infliction of emotional distress claims fails too. As such, no claims against Moving Chicago Police Officer Defendants can survive dismissal under Fed. R. Civ. P. 12(b)(6).

---

[1] Plaintiff's First Amended Complaint contains two Count VIIs and omits Count X.

2

**STANDARD OF LAW**

The Federal Rules of Civil Procedure require that a complaint provide each defendant with "fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). A Rule 12(b)(6) motion tests whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A motion to dismiss pursuant to Rule 12(b)(6) should be granted if the complaint fails to state a claim upon which relief can be granted. *Cocoran v. Chi. Park Dist.*, 875 F. 2d 609, 611 (7th Cir. 1989). Although when considering such motions the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom, the Court is not obligated to accept a complaint that merely raises the possibility of relief. *EEOC v. Concentra Health Servs, Inc.*, 496 F. 3d 773, 776 (7th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 *citing Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "The plausibility determination is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Munson v. Gatez*, 673 F.3d 630, 633 (7th Cir. 2012) *quoting Iqbal*, 556 U.S. at 679.

**BACKGROUND**

Plaintiff filed his First Amended Complaint on May 1, 2025. Dkt. 67. This case arises from the December 29, 2011 murder of off-duty Chicago Police Officer Clifton Lewis. *Id.* at ¶ 27. Plaintiff's First Amended Complaint sets forth the following claims: (I) Due Process; (II) Malicious Prosecution and Unlawful Detention; (III) Failure to Intervene; (IV) Conspiracy; (V) *Monell*; (VI) State Law Malicious Prosecution; (VII) State Law Intentional Infliction of Emotional Distress; (VII) State Law

3

Willful and Wanton Conduct; (IX) State Law Conspiracy; (XI) State Law *Respondeat Superior*; (XII) Due Process (against Cook County Assistant State's Attorney Defendants only); and (XIII) State Law Indemnification.

Plaintiff alleges constitutional violations against several Chicago Police Officer defendants, including Christopher Kennedy, James Sanchez, Matthew Cline, Charles Daly, Ed Zablocki, Nicholas Roti, Joseph Gorman, Scott Dedore, Michael Dyra, Michael Nunez, Joel Bemis, Scott Korhonen, John Escalante, Leo Schmitz, Sean Fergus, as the Special Representative of the Estate of Sheamus Fergus, Robert Bartik, Richard Green, and Nicholas Spanos collectively referring to these Defendants as "Chicago Police Officer Defendants". *Id.* at ¶ 15. No factual allegations are alleged individually against any of the named Moving Chicago Police Officer Defendants. *Id.* at ¶¶ 27-67. Indeed, other than stating that they are sued in their individual capacity, the Moving Chicago Police Officer Defendants' names do not appear anywhere else in Plaintiff's Complaint, whereas other Chicago Police Officer Defendants and their actions are specifically identified. *Id.* at ¶¶ 15-17. Plaintiff also alleges constitutional violations against Franklin Park and Cook County Sheriff's Office police officers. *Id.* at ¶¶ 18-19. Collectively, Plaintiff refers to the Chicago Police Officer Defendants, Franklin Park Police Officer Defendants, and Cook County Sheriff Officer Defendants as "Defendant Officers" throughout his First Amended Complaint. *Id.* at ¶ 20. For the purposes of this Motion, Moving Chicago Police Officer Defendants will use the same description for "Chicago Police Officer Defendants" and "Defendant Officers."

Plaintiff alleges a few days after the murder of Officer Lewis, Edgardo Colon was stopped for driving the wrong way down a one-way street. *Id.* at ¶ 30. After a handgun was found in Colon's car, he was taken to the station and questioned about Officer Lewis' murder. *Id.* Plaintiff alleges Colon was interrogated for more than two days by Defendant Officers and coerced into giving false inculpatory statements against Plaintiff and several others, including Colon himself. *Id.* at ¶ 31. Plaintiff

4

alleges Defendant Officers knew that Colon's statements were false but fabricated the inculpatory evidence against Plaintiff anyway. *Id.* ¶ 32. Plaintiff alleges Defendant Officers arrested him along with Clay and DeYoung following Colon's false confession. *Id.* at ¶ 33. Defendant Officers then allegedly interrogated DeYoung and fabricated statements implicating Plaintiff, Colon, and Clay. *Id.* at ¶ 34. Defendant Officers allegedly knew that DeYoung's statements were false but fabricated the inculpatory evidence against Plaintiff anyway. *Id.* at ¶ 35. At Plaintiff's trial, Plaintiff alleges DeYoung recanted his earlier testimony implicating Plaintiff and testified he gave false testimony because of Defendant Officers' coercion. *Id.* at ¶ 36.

Plaintiff further alleges Defendant Officers fabricated a false statement from Clay, who had an alibi, was nineteen, and had serious intellectual disabilities, implicating himself and Plaintiff. *Id.* at ¶ 37. Clay allegedly gave a false statement implicating Plaintiff after days of coercion and pressure by Defendant Officers. *Id.* Defendant Officers allegedly interrogated Plaintiff over a period of days. *Id.* at ¶ 39. Plaintiff alleges Defendant Officers physically abused Plaintiff so severely that he was coughing up blood; however, Plaintiff continually told the truth that he was innocent and had nothing to do with Officer Lewis' murder. *Id.* After Defendant Officers allegedly fabricated Colon's, Clay's, and DeYoung's statements, Colon and Clay were charged while Plaintiff was released. *Id.* at ¶ 40.

Defendant Officers allegedly remained determined to frame Plaintiff and worked together to do so in "Operation Snake Doctor." *Id.* at ¶ 41. Defendant Officers allegedly interviewed anyone in Chicago with a relationship to Colon, Clay, and Plaintiff, particularly members of the Spanish Cobras. *Id.* at ¶ 42. Plaintiff alleges Defendant Officers arrested dozens of people and searched their homes to fabricate evidence against Plaintiff, telling these witnesses Plaintiff was the reason they had been arrested. *Id.* at ¶ 43. Plaintiff alleges he was stabbed by Spanish Cobras in apparent retaliation, which Defendant Officers credited to Operation Snake Doctor. *Id.* at ¶ 44. Plaintiff alleges Defendant Officers fabricated three witness statements from Destiny Perez, Destiny Rodriguez, and Ruben

5

Rodriguez to frame Plaintiff. *Id.* at ¶¶ 45-46. Plaintiff alleges while trying to frame him, Defendant Officers also identified alternate suspects, motives, and took investigative steps allegedly uncovering exculpatory evidence that was never disclosed. *Id.* at ¶ 47. Plaintiff alleges several Moving Chicago Police Officer Defendants have a history of misconduct, including suppression of exculpatory evidence, and collectively all Moving Chicago Police Officer Defendants concealed exculpatory evidence from Plaintiff. *Id.* at ¶¶ 71-72, 92-99. As a result of the alleged misconduct of Defendant Officers and false evidence, Plaintiff was arrested, prosecuted, and convicted of murder. *Id.* at ¶ 51. Plaintiff's conviction was vacated, and the State dismissed the charges against him. *Id.* at ¶ 66.

**ARGUMENT**

This Court should dismiss Counts I, II, III, IV, VI, VII, VII[2], and IX as to all Moving Chicago Police Officer Defendants because collective pleading against the "Defendant Officers" fails to satisfy the federal notice pleading requirements. Each of these claims fail to plead the Moving Chicago Police Officer Defendants were personally involved in the alleged constitutional violations including framing Plaintiff, fabricating reports, suppressing evidence, and engaging in misconduct. Further, Count IV and XI fail because Plaintiff fails to identify any actions taken individually by Moving Chicago Police Officer Defendants in the advancement of an alleged conspiracy; therefore, Count IV and IX should be dismissed. Finally, Count VII, Plaintiff's derivative state law claims for intentional infliction of emotional distress fails because Plaintiff's § 1983 claims fail.

I. **Counts I, II, III, IV, VI, VII, VII, and IX Fail Because They Do Not Allege Personal Involvement For Each Individual Moving Chicago Police Officer Defendant.**

As alleged, there are no facts to support each Moving Chicago Police Officer Defendant was personally involved in the alleged constitutional violations. Under § 1983, "[a] plaintiff bringing a civil

---

[2] Plaintiff's First Amended Complaint contains two "Count VII". Each Count VII is a state law claim. The first is intentional infliction of emotional distress and the second is willful and wanton conduct. Moving Chicago Police Officer Defendants seek dismissal of both Count VII's.

6

rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003). To state a viable claim, the plaintiff must provide sufficient factual detail to support a plausible inference that "the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Ill.*, 830 F.3d 464, 469 (7th Cir. 2016); *see also Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987)("Each individual defendant can be liable only for what he or she did personally, not for any recklessness on the part of any other defendants, singly or as a group."); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right"). "To be personally responsible, an official must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Laba v. Chicago Transit Auth.*, 2015 WL 3511483, at *2 (N.D. Ill. 2015). A civil rights plaintiff must still allege, whenever possible, what particular defendants "did or did not do." *Lattimore v. Vill. of Streamwood,* No. 17 C 8683, 2018 WL 2183991, at *4 (N.D. Ill. May 11, 2018); *see Gray v. City of Chi.*, No. 18 C 2624, 2019 WL 3554239, *5 (N.D. Ill. Aug. 1, 2019)(collecting cases); *see also Marshall v. Buckley*, 644 F. Supp. 2d 1075, 1080 (N.D. Ill. 2009)(a plaintiff "must plead personal involvement of *each* Defendant to properly state a claim under Section 1983.")(emphasis added). Dismissal is proper where the plaintiff has not alleged such facts.

For instance, Count I alleges "Defendant Officers" violated Plaintiff's right to a fair trial and right not be wrongfully convicted and imprisoned by fabricating witness statements falsely implicating Plaintiff in the crime. Dkt. 67, ¶¶ 101-102. Plaintiff further alleged "Defendant Officers" obtained Plaintiff's conviction using this false evidence, including by deliberately withholding exculpatory evidence from prosecutors, Plaintiff, and Plaintiff's attorneys and concealing, fabricating, and destroying additional evidence. *Id.* at ¶¶ 103-107. As a result of "Defendant Officers'" alleged misconduct, Plaintiff was convicted. *Id.* at ¶ 108. As noted, "Defendant Officers" includes officers

7

from three different agencies: the Chicago Police Department, Franklin Park Police Department, and the Cook County Sheriff. *Id.* at ¶ 20.

The analysis is whether the allegations set forth sufficient facts to support that each *individual Moving Chicago Police Defendant Officer* fabricated evidence and obtained Plaintiff's conviction using this false evidence, which Plaintiff's First Amended Complaint certainly does not. Here, Plaintiff defines "Defendant Officers" collectively as the Chicago Police Officer Defendants, Franklin Park Police Officer Defendants, and Cook County Sheriff's Officer Defendants. *Id.* at ¶ 20. Count I fails because Plaintiff does not sufficiently plead which, if any, Moving Chicago Police Officer Defendant fabricated evidence in order to obtain Plaintiff's conviction using this false evidence. Despite pleading over 40 paragraphs of factual allegations, Plaintiff fails to plead any allegation against any specific Moving Chicago Police Officer Defendant, including which officer(s) allegedly fabricated the false statements from Colon, Clay, and DeYoung (Dkt. 67 at ¶¶ 31-40), who was allegedly apart of "Operation Snake Doctor" and obtained false statements from Destiny Perez, Destiny Rodriguez, and Ruben Rodriguez (*Id.* at ¶¶ 41-48), and who obtained the alleged exculpatory evidence and suppressed it (*Id.* at ¶ 47). Moreover, Plaintiff does not identify which agency the "Defendant Officers" who committed the alleged misconduct worked for. *Id.* at ¶¶ 27-59. In fact, there is not a single allegation against any individually named Moving Chicago Police Officer Defendant. *Id.* As pled, Moving Chicago Police Officer Defendants have no way of knowing if these allegations are pled against them, Franklin Park Police Officers, or Cook County Sheriff's Police Officers. *Id.* Instead, Count I improperly engages in group pleading "without specific allegations tying the individual defendants to the alleged unconstitutional conduct." *Grieveson*, 538 F.3d at 777-78. This is insufficient to put the Moving Chicago Police Officer Defendants on notice of the claims against them specifically.

Accordingly, there is no factual basis to support Count I against Moving Chicago Police Officer Defendants as there is nothing to suggest they fabricated witness statements falsely implicating

8

Plaintiff in a crime or obtained Plaintiff's conviction using this false evidence and failed to correct fabricated evidence that the knew to be false when used against Plaintiff. *See id.* at ¶¶ 100-111; *see also Barnhouse v. City of Muncie*, 499 F. Supp. 3d 578, 589 (S.D. Ind. 2020)(dismissing the plaintiff's § 1983 claim against individual officers despite allegations that the "Police Defendants" were collectively responsible for the harm where the plaintiff also specifically alleged that two sergeants "participated in the wrongful conduct"); *Rivera v. Town of Cicero*, No. 19 C 3728, 2019 WL 5420154, at *4 (N.D. Ill. Oct. 23, 2019)(dismissing the plaintiff's complaint where except for two officers, the plaintiff's allegations were "insufficient to show the named officers knew of the stop, facilitated, approved, or turned a blind eye to it *before it happened*" because the plaintiff failed to allege that any one of the individual officers were present at the time of his arrest); *Dawson v. Carter*, No. 15 C 4321, 2016 WL 4151035, at *2 (N.D. Ill. Aug. 5, 2016)("Plaintiff pleads in conclusory fashion that all 'Defendants' are responsible for the unlawful search, seizure, use of excessive force, false arrest, false imprisonment and failure to intervene. Such generic allegations of personal involvement are insufficient to state Section 1983 claims against the Moving Officers."); *Lynch v. City of Chi.*, No. 12 C 9032, 2013 WL 4506886, at *3 (N.D. Ill. Aug. 23, 2013)(granting the individual defendants' motion to dismiss because the plaintiffs "make no effort to describe the involvement of any of the individual defendants in the challenged decision. Rather, they lump all of the individual defendants together in a single conclusory allegation" and such conclusory allegations do not pass the plausibility standard to state a claim under Section 1983); *Washington v. Bd. of Educ. for City of Chicago*, No. 21 C 396, 2021 WL 5881682, at *6 (N.D. Ill. Dec. 8, 2021)(dismissing § 1983 claims against four defendants where the plaintiffs generally pled all the "[d]efendants" collectively took part in a termination decision and failed to allege personal involvement); *Odogba v. Wisconsin Dept. of Justice*, 22 F. Supp. 3d 895, 911 (E.D. Wisc. 2014)(dismissing

9

§ 1983 claims where there was no allegation that the human resources manager had any personal involvement in any discriminatory or retaliatory conduct).

This is not a case where "the plaintiff has been injured as the consequence of the actions of an unknown member of a collective body, [and] identification of the responsible party may be impossible without pretrial discovery." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Given the wealth of documents in Plaintiff's possession from the underlying post-conviction proceedings, it is implausible that Plaintiff does not know which "Defendant Officers" participated in the alleged constitutional violations. As such, Plaintiff fails to provide Moving Chicago Police Officer Defendants "fair notice of what the…claim is and the grounds upon which it rests." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2013). Therefore, Count I must be dismissed.

Count II similarly fails. Plaintiff's First Amended Complaint offers no allegations to support or explain how Moving Chicago Police Officer Defendants allegedly each individually participated in the malicious prosecution and unlawful detention of Plaintiff. Nor are there any allegations to support or suggest that Moving Chicago Police Officer Defendants had notice of the allegedly fabricated evidence such that they accused Plaintiff of criminal activity and exerted influence to initiate, continue, and perpetuate judicial proceedings against Plaintiff without probable cause. Dkt. 67 at ¶¶ 113-117. Even if paragraph 117 of Plaintiff's First Amended Complaint could be construed as allegations against the Moving Chicago Police Officer Defendants, that too fails because it again engages in improper group pleading and fails to provide proper notice to the Moving Chicago Police Officer Defendants. *Swanson*, 614 F.3d at 404. Therefore, Plaintiff's general assertions that "Defendant Officers" violated his rights by maliciously prosecuting and unlawfully detaining him are insufficient to state a claim against the Moving Chicago Police Officer Defendants.

The same argument is also applicable to Counts VI (state law malicious prosecution), VII (state law intentional infliction of emotional distress), VII (state law willful and wanton conduct), and

IX (state law conspiracy). As there are no allegations plead to suggest that any Moving Chicago Police Officer Defendant had any personal involvement in any of the allegations against Defendant Officers, there is no basis for these claims to survive dismissal as to the Moving Chicago Police Officer Defendants. *See* Dkt. 67 at ¶¶ 27-59.

Further, Count III fails. To establish a §1983 failure to intervene claim, a plaintiff must show that "the officer had reason to know…that any constitutional violation has been committed by a law enforcement official; *and* the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Yang v. Hardin*, 37 F. 3d 282, 285 (7th Cir. 1994); *see also Abdullahi v. City of Madison*, 423 F. 3d 763, 774 (7th Cir. 2005)(same). The plaintiff must raise facts establishing all of these elements for each individual officer before any such officer may be found liable. *See Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F. 3d 1014, 1039 (7th Cir. 2003)("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Insofar as there is no underlying constitutional violation on which the Moving Chicago Police Officer Defendants were required to "intervene," Plaintiff's claim fails on that ground alone. *See Harper v. Albert*, 400 F. 3d 1052, 1064 (7th Cir. 2005)("In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation."). Again, Plaintiff pleads "Defendant Officers" and "Chicago Police Officer Defendants" collectively failed to intervene and fails to establish any personal involvement of any of the Moving Chicago Police Officer Defendants individually. Dkt. 67 at ¶¶ 118-123. This group pleading is insufficient to state a viable cause of action and Count III must be dismissed. *Grieveson*, 538 F.3d at 777-78.

Additionally, Counts IV and XI fail because it fails to allege any personal involvement by the Moving Chicago Police Officer Defendants. Allegations of a conspiracy have routinely been held to a higher pleading standard than other allegations. *See Geinosky v. City of Chi.*, 675 F.3d 743, 749 (7th Cir.

11

2012)(the complaint must allege facts that when taken collectively given rise to "a plausible account of conspiracy" or reasonable inference or "improper complicity" by the defendants); *see also Redd v. Nolan*, 663 F.3d 287, 292 (7th Cir. 2011)(a bare assertion of a conspiracy is an unsupported legal conclusion that a court is not bound to accept as true on a 12(b)(6) motion to dismiss where it "includes not a whiff of a conspiratorial agreement or any improper complicity between [the defendants] to support the conclusory allegation."); *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009)(Neither "a bare allegation of conspiracy," nor "mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her" is enough to survive a motion to dismiss for failure to state a claim); *Alarm Detection Systems, Inc. v. Village of Schaumburg*, 930 F.3d 812, 827 (7th Cir. 2019)(holding stripped of legal conclusions the complaint did not contain enough factual matter to suggest that an agreement between the defendants was made). Here, the general assertions that "Defendant Officers", again not any of the Moving Chicago Police Officer Defendants individually, conspired to fabricate evidence to detain, prosecute, and convict Plaintiff is insufficient to state a claim and amounts to nothing more than a "bare allegation of conspiracy[.]" *Cooney*, 583 F.3d at 971. Thus, Count IV must be dismissed.

Further, to state a claim for civil conspiracy under Illinois law, a plaintiff must establish (1) an agreement to accomplish by concerted action either an unlawful purpose or a lawful purpose by unlawful means, (2) a tortious act committed in furtherance of that agreement, and (3) an injury caused by the defendant. *Reuter v. MasterCard Int'l, Inc.*, 921 N.E.2d 1205, 1216 (Ill. App. Ct. 2010). Conspiracy is not a separate tort in Illinois; it is a means of establishing vicarious liability among coconspirators for an underlying tort. *Merrilees v. Merrilees*, 998 N.E.2d 147, 162 (Ill. App. Ct. 2013)("It is well-settled that conspiracy, standing alone, is not a separate and distinct tort in Illinois."); *Thomas v. Fuerst*, 803 N.E.2d 619, 625-26 (Ill. App. Ct. 2004); *Ill. Traffic Court Driver Improvement Educ. Found. v. Peoria Journal Star, Inc.*, 494 N.E.2d 939, 943 (Ill. App. Ct. 1986). Here, the Amended Complaint does not apprise

12

the Moving Chicago Police Officer Defendants of their individual roles in the alleged conspiracy or when the alleged conspiracy occurred, and as such it fails to state a viable claim Therefore, Counts IV and IX must be dismissed as it fails the federal notice pleading requirements, engages in improper group pleading, and is not a separate and distinct tort in Illinois. *Swanson*, 614 F.3d at 404; *Grieveson*, 538 F.3d at 777-78; *Merrilees*, 998 N.E.2d at 162.

> II. **Plaintiff's Intentional Infliction of Emotional Distress Claim Cannot Survive Independently.**

Dismissal of Count VII, intentional infliction of emotional distress, is proper because Plaintiff's state law claim is not independently viable. Absent a properly pled underlying Section 1983 claim, Plaintiff's state law claims including his intentional infliction of emotional distress claim cannot survive. *See Patrick v. City of Chi.*, 81 F.4th 730, 737 (7th Cir. 2023)(holding because the district court did not err in dismissing the plaintiff's § 1983 claims, it did not err in dismissing his derivative claims, including his state law claims); *see also Alexander v. City of Danville*, No. 18-2290, 2022 WL 1321291, at *12 (C.D. Ill. May 3, 2022)(holding claims for intentional infliction of emotional distress cannot survive summary judgment absent an underlying tort); *Hileman v. Ehler*, No. 18-CV-184-NJR-RJD, 2019 WL 2448546, at *4 (S.D. Ill. June 12, 2019)(holding state law claims, including intentional infliction of emotional distress, arising out of the same facts underlying the § 1983 claims cannot survive where the § 1983 claims fail). Here, because Plaintiff's § 1983 claims fail against Moving Chicago Police Officer Defendants for their failure to allege any personal involved by the Moving Chicago Police Officer Defendants, Plaintiff's state law intentional infliction of emotional distress claim fails too. Therefore, Count VII must be dismissed.

## CONCLUSION

WHEREFORE, Defendants, Christopher Kennedy, James Sanchez, Matthew Cline, Charles Daly, Ed Zablocki, Nicholas Roti, Joseph Gorman, Scott Dedore, Michael Dyra, Michael Nunez, Joel Bemis, Scott Korhonen, John Escalante, Leo Schmitz, Sean Fergus as Special Representative of

Sheamus Fergus, deceased, Robert Bartik, Richard Green, Nicholas Spanos, respectfully request that in accordance with the foregoing that the Court dismisses Counts I-IV, and VI-IX with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and for any other relief this Court deems to be just and proper.

                                          Respectfully submitted,

                                          BORKAN & SCAHILL, LTD.

                                          By: /s/ Amanda C. Guertler

Steven B. Borkan
Timothy P. Scahill
Emily E. Schnidt
Misha Itchhaporia
Amanda C. Guertler
Drew E. Wycoff
BORKAN & SCAHILL, LTD.
Two First National Plaza
20 South Clark Street, Suite 1700
Chicago, Illinois 60603
(312) 580-1030