IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER VILLA, | ) | |
| | ) | No. 25 C 1968 |
| Plaintiff, | ) | |
| | ) | Hon. Matthew Kennelly, |
| v. | ) | District Judge |
| | ) | |
| ANTHONY NORADIN, *et al.*, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF ALEXANDER VILLA'S RESPONSE IN OPPOSITION
TO CERTAIN CHICAGO POLICE OFFICER DEFENDANTS' MOTION TO DISMISS**

Plaintiff Alexander Villa was wrongly convicted of the murder of Chicago Police officer Clifton Lewis. Dkt. 1. He was not involved in the crime and no evidence connected him to it. *Id.* Instead, after failing to coerce a confession from Villa, Defendants engaged in a scheme to manufacture evidence to implicate him in the crime. *Id.* That scheme, eventually dubbed Operation Snake Doctor, was carried out through a tightly knit investigative team. As part of that scheme, Defendants fabricated inculpatory statements and suppressed a huge amount of exculpatory evidence. *Id.* Thirty-six Chicago Police officers (the "Chicago Police Officer Defendants") named in Villa's complaint participated in the investigation, *id.* ¶ 15, along with investigators from the Cook County Sheriff's Office, Franklin Park Police Department, and the Cook County State's Attorney's Office. Plaintiff was convicted as a result of Defendants' misconduct, and he spent eight years in prison, until the Cook County State's Attorney agreed that his conviction should be vacated in 2024. *Id.*

Following his exoneration, Villa filed this civil case, which was consolidated with the previously filed cases of Colon and Clay. Now, 18 of the 36 Chicago Police Officer Defendants

have moved to dismiss the complaint, arguing that Villa's use of "group pleading" justifies dismissal under Rule 12(b)(6). Dkt. 113. This Court should reject the argument.

As this Court noted earlier this month, there is no group pleading doctrine forbidding this type of complaint *per se*. *In re MultiPlan Health Insrurance Provider Litigation*, 2025 WL 1567835, at *22 (N.D. Ill. June 3, 2025). Defendants are not entitled to dismissal of a complaint merely because they file a motion that says that a plaintiff has used "group pleading." Instead, the relevant question is whether Villa's complaint satisfies federal notice pleading standards, which only require "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). The plaintiff is not required to make "detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, dismissal for failure to state a claim under Rule 12(b)(6) is warranted only if "the allegations in the complaint, however true, could not raise a claim of entitlement to relief." *Virnich*, 664 F.3d at 212; *accord. Swanson v. Citibank*, N.A., 614 F.3d 400, 404 (7th Cir. 2010) (holding that the federal rules require a plaintiff to plead "enough details about the subject-matter of the case to present a story that holds together"). Villa's complaint satisfies these standards.

At the outset, it is worth noting that 35 of the 36 Chicago Police Officer Defendants are represented by the same counsel,[1] the same allegations are lodged against all of them collectively for their misconduct in connection with the Clifton Lewis investigation and Operation Snake Doctor, and yet exactly half of those Chicago Police Officer Defendants moved to dismiss. Compare Dkt. 1 ¶ 15 (36 Defendants in complaint), with Dkt. 133 at 1-2 (18 Defendants filing motion). How is it possible that some of the Chicago Police Officer Defendants feel they are fairly

---

[1] The exception is Defendant Garry McCarthy. Defendant McCarthy asked to join Defendants' motion to dismiss at the June 18th, 2025 hearing, and this Court denied Defendant McCarthy's request on the grounds that he had already answered the Complaint.

on notice of the claims against them, but the other 18 feel that dismissal of the complaint is warranted based on group pleading? There is no reason grounded in federal law or the allegations in the complaint that would lead to such a strange divergence. Instead, it appears that Chicago Police Officer Defendants who were previously named by Clay or Colon in their cases have not moved to dismiss, while those who were not previously named have moved to dismiss. Defendants' motion is simply disingenuous gamesmanship. The group pleading argument here is not a sincere criticism of the allegations in the complaint or the notices that those allegations provide to the Chicago Police Officer Defendants. Instead, half of the Chicago Police Officer Defendants have cut and pasted a group pleading argument filed in many other cases in order to create unnecessary litigation at the pleading stage and to delay the proceedings. The Chicago Police Officer Defendants' divergent approach in this case is reason enough to deny the motion to dismiss.

Moreover, the moving Chicago Police Officer Defendants cannot establish that the pleadings do not put them sufficiently on notice of what misconduct they committed. Like the non-moving Chicago Police Officer Defendants, the moving Chicago Police Officer Defendants are alleged to have committed particular acts of misconduct during the course of a single criminal investigation, and each of them is completely free to admit, deny, or claim lack of knowledge as to every single allegation that Villa has pleaded, consistent with that particular Defendant's view of the truth. Villa alleges that the moving Chicago Police Officer Defendants fabricated several inculpatory witness statements; suppressed reams of exculpatory evidence, in particular evidence related to alternate suspects and perpetrators; coerced false confessions from Tyrone Clay and Edgardo Colon; and took all of these actions as part of a widespread conspiracy, which came to be known as Operation Snake Doctor. Dkt. 1.

Courts in this District consistently have denied motions to dismiss filed in civil rights cases, including wrongful conviction cases, where defendants assert the same group pleading argument advanced here. *Dukes v. Washburn*, 600 F. Supp. 3d 885, 898 (N.D. Ill. 2022) ("[A]t this early stage, 'an allegation directed at multiple defendants can be adequate to plead personal involvement.'") (quoting *Hill v. Cook County*, 463 F. Supp. 3d 820, 836 (N.D. Ill. 2020); *Fulton v. Bartik*, 547 F. Supp. 3d 799, 810 (N.D. Ill. July 1, 2021) ("The factual allegations are not so vague that the individual defendants would not know the contours of the claims and that they are each alleged to have taken part somehow, as identified individually or as part of a group."); *Gray v. City of Chicago*, No. 18 C 2624, 2019 WL 3554239, at *6 (N.D. Ill. Aug. 1, 2019) ("These allegations are sufficient to provide the Individual City Defendants with notice of the claims against them, which is all that is required at this stage of the proceedings and under Rule 8(a),"); *Pursley v. City of Rockford*, 2019 WL 4918139, at *4 (N.D. Ill. Oct. 4, 2019) (rejecting group pleading argument and noting that a plaintiff is entitled under Rule 8 to direct allegations against a whole group of defendant police officers); *Spring v. Schwarz*, 2017 WL 4130504, at *3 (N.D. Ill. Sep. 9, 2017) ("Group pleading that refers to 'Defendants' collectively is sufficient under Rule 8 when a plaintiff provides enough detail about the nature of the allegations to put each defendant on fair notice of the claims."); *Kuri v. City of Chicago*, 2014 WL 114283, at *7 (N.D. Ill. Jan. 10, 2014) ("Although it relies on 'group pleading,' Kuri's complaint is coherent, and the basis of his claims is easily understood."); *Sanders v. City of Chicago Heights*, 2014 WL 5801181, at *3 (N.D. Ill. Nov. 7, 2014) (rejecting defendants' "group pleading" argument because "[u]nder the circumstances, Plaintiff has alleged sufficient details that present a 'story that holds together'"); *Johnson v. Village of Maywood*, 2012 WL 5862756, at *2 (N.D. Ill. Nov. 19, 2012) ("Plaintiff could have made identical factual allegations in five separate paragraphs, alleging one-by-one that

each Defendant witnesses or participated in the attack and failed to come to his aid. Plaintiff could have done so, but he was not required to."); *Rivera v. Lake Co.*, 974 F. Supp. 2d 1179, 1194-95 (N.D. Ill. 2013) ("[A]n allegation directed at multiple defendants can be adequate to plead personal involvement[.]"). This Court should adopt the same approach and hold that Villa's detailed allegations directed against each of the Chicago Police Officer Defendants are sufficient to put them on notice of the claims against them.

Relatedly, to the extent that the moving Chicago Police Officer Defendants depart from the premise that Villa has failed to allege what particular misconduct each of them committed, their premise is wrong. Instead, Villa has alleged particular acts of misconduct by a group of investigating police officers who all acted together, as part of a single task force, to conduct a single criminal investigation, and given that they were tightly bound together in that investigation at all times, they are jointly responsible for each act of misconduct in which they participated. Under Seventh Circuit law, the same allegation explicitly directed at a group of defendants is sufficient to plead personal involvement after *Iqbal*, even if each defendant comprising the group is not named individually in each separate paragraph. *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009) (finding a complaint alleging that all members of a group of defendants engaged in misconduct unobjectionable); *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) (holding that a prisoner's statement that he repeatedly alerted a group of medical personnel to his medical condition and they did nothing in response stated a claim so long as the complaint at some point identified all of the medical personnel involved). The question is whether "reading the allegations sensibly and as a whole, there is no genuine uncertainty regarding who is responsible for what." *Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013). This is not a case where the misconduct alleged is a mystery. *Ree v. City of Chicago*, No. 22 CV 4284, 2023 WL 3123761, at *6 (N.D. Ill.

Apr. 27, 2023) (noting that the complaint "identifies the Individual Defendants only in the caption and first sentence and then never discusses them by name again"). Nor is it a case where different defendants played different roles in different locations and contributed to some harm. In that case, general allegations against all Defendants might give rise to legitimate group pleading concern. *Opus Fund Servs. (USA) LLC v. Theorem Fund Servs., LLC*, No. 17 C 923, 2018 WL 1156246, at *2 (N.D. Ill. Mar. 5, 2018) (Kennelly, J.). Instead, Villa is alleging that all Chicago Police Officer Defendants engaged in the same acts of misconduct together. Certainly there are a large number of those Defendants named in this case, but that is a product of the manner in which the Chicago Police Officer Defendants were staffed on Operation Snake Doctor, and throughout the investigation of the Lewis murder, rather than something infirm about the complaint.

Separately, the very nature of some torts prevents plaintiffs from ascertaining which of many individual defendants is responsible for each part of a particular act of misconduct. *See Richman v. Sheahan*, 512 F.3d 876, 884-85 (7th Cir. 2008) (noting that defendants may be jointly and severally liable for injuries even if it remains unclear which of them committed specific acts); *Quinones v. Szorc*, 771 F.2d 289, 291 (7th Cir. 1985) ("The very nature of a conspiracy obscures most, if not all, information about the alleged conspirators' agreement . . . . This is particularly true where, as here, much of the information regarding . . . the formation of the conspiracy [is] in the hands of the defendant."). For example, it remains unclear to Villa—though likely not to Defendants—precisely which of the Chicago Police Officer Defendants were involved in coercing and then falsely documenting DeYoung's false statements. Dkt. 1 at ¶¶ 32-35. But the fact that Villa lacks personal knowledge about some of Defendants' actions does not mean that there is a pleading defect justifying dismissal. *See, e.g.*, *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009) (noting that where a plaintiff has been injured "as the consequence of the

6

actions of an unknown member of a collective body, identification of the responsible party may be impossible without pretrial discovery" and that this is "not by itself a proper ground for dismissal"); *Chatman v. City of Chicago*, 2015 WL 1090965, at *4 (N.D. Ill. Mar. 10, 2015) ("Plaintiff may require discovery before identifying precisely which individual Defendant committed which alleged actions. Given the details alleged in the two-hundred and seven paragraphs in the complaint, Plaintiff's inability to specifically attribute a particular act to a particular individual Defendant does not doom the case at the pleading stage."); *Rivera*, 974 F. Supp. 2d at 1194-95 ("This Court recognizes that a plaintiff may not be able to attribute misconduct to specific individuals where the plaintiff did not know the identity of the offender at the time of the incident."); *Wilson v. City of Chicago*, 2009 WL 3242300, at *2 (N.D. Ill. Oct. 7, 2009) ("[E]ach Defendant knows what he did or did not do and can admit or deny the fact based on this knowledge. . . . The Defendants, and not [the plaintiff], are in possession of the knowledge of precisely which of them, if any, interrogated, manipulated, threatened, or coerced [individuals] into giving false testimony."). The fact that a certain level of precision is currently impossible for Villa to achieve is an independent reason for the Court to reject Defendants' group pleading argument.

While Villa and his attorneys certainly have knowledge of additional facts that *could* be added to pleadings, the law does not require detailed allegations regarding all facts at this stage of the case. This Court should reject the group pleading argument and proceed with discovery. If the Court were to disagree with Villa, it should dismiss without prejudice and with leave to replead, which Villa will do in short order to keep the case moving. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).[2]

---

[2] At the end of their motion, Defendants tack on an argument that contends that without a viable §1983 claim there can be no Illinois claim of intentional infliction of emotional distress. Dkt. 113 at 13. This

For all the foregoing reasons, Villa respectfully submits that this Court should deny the Defendants' motions to dismiss.

DATED: June 20, 2025                                   RESPECTFULLY SUBMITTED,

                                                   **ALEXANDER VILLA**

BY:   /s/ Steve Art
         *One of Plaintiff's Attorneys*

Jon Loevy
Steve Art
Anand Swaminathan
Jordan Poole
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
steve@loevy.com

Jennifer Blagg
Eric Bisby
1509 W. Berwyn Ave. Suite 201E
Chicago, Illinois 60640
(773) 859-0081
jennifer@blagglaw.net

---

argument is difficult to understand, and the citations provided by Defendant do not support it. Of course, one could plead a claim of intentional infliction of emotional distress without a federal claim in the case—consider every case filed in state court where the claims are malicious prosecution and IIED. Regardless, there is no basis to dismiss the federal claims in the case with prejudice, and so there is no need for the Court to address this argument.

**CERTIFICATE OF SERVICE**

  I, Steve Art, an attorney, hereby certify that on June 20, 2025, I filed the foregoing PLAINTIFF ALEXANDER VILLA'S RESPONSE IN OPPOSITION TO CERTAIN CHICAGO POLICE OFFICE DEFENDANTS' MOTION TO DISMISS using the Court's CM/ECF system, which effected service on all counsel of record.

            /s/ Steve Art
            *One of Plaintiff's Attorneys*