**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALEXANDER VILLA, | ) | Case No. 1:25-cv-1968 |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *v.* | ) | |
| | ) | Honorable Matthew F. Kennelly |
| ANTHONY NORADIN, SAMUEL | ) | United States District Judge |
| CIRONE, WILLIAM BROGAN, DENIS | ) | |
| WALSH, JOEL KELLER, JOHN GRAHAM, | ) | |
| ALBERT PEREZ, DONALD FALK, JAMES | ) | |
| GILGER, JOHN HILLMAN, TIMOTHY | ) | |
| MCDERMOTT, MARC LEAVITT, HECTOR | ) | |
| ALVAREZ, JOHN FOLINO, MAURIZIO | ) | |
| INZERRA, DEMOSTHEN BALODIMAS, | ) | |
| GARY YAMASHIROYA, CHRISTOPHER | ) | |
| KENNEDY, JAMES SANCHEZ, | ) | **JURY TRIAL DEMANDED** |
| MATTHEW CLINE, CHARLES DALY, ED | ) | |
| ZABLOCKI, GARRY MCCARTHY, | ) | |
| NICHOLAS ROTI, JOSEPH GORMAN, | ) | |
| SCOTT DEDORE, MICHAEL DYRA, | ) | |
| MICHAEL NUNEZ, JOEL BEMIS, SCOTT | ) | |
| KORHONEN, JOHN ESCALANTE, LEO | ) | |
| SCHMITZ, SEAN FERGUS as special | ) | |
| representative of SHEAMUS FERGUS, | ) | |
| ROBERT BARTIK, RICHARD GREEN, | ) | |
| NICHOLAS SPANOS, the CITY OF | ) | |
| CHICAGO, FRANCO DOMMA, NANCY | ) | |
| ADDUCI, ANDREW VARGA, JOHN | ) | |
| BRASSIL, and COOK COUNTY, DON | ) | |
| GIULIANO, the VILLAGE of FRANKLIN | ) | |
| PARK. | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANT OFFICERS' REPLY IN SUPPORT OF THEIR**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COME Defendants, Christopher Kennedy, James Sanchez, Matthew Cline, Charles

Daly, Ed Zablocki, Nicholas Roti, Joseph Gorman, Scott Dedore, Michael Dyra, Michael Nunez, Joel

Bemis, Scott Korhonen, John Escalante, Leo Schmitz, Sean Fergus as Special Representative of

Sheamus Fergus, deceased, Robert Bartik, Richard Green, Nicholas Spanos, (hereinafter, "Moving

Chicago Police Officer Defendants") by and through their counsel, Steven B. Borkan, Timothy P. Scahill, Emily E. Schnidt, Misha Itchhaporia, Amanda C. Guertler, and Drew E. Wycoff of BORKAN & SCAHILL, LTD., and submit their Reply in Support of their Motion to Dismiss Plaintiff's First Amended Complaint. In support thereof, Moving Chicago Police Officer Defendants state as follows:

## INTRODUCTION

Plaintiff's Response makes clear that his allegations are nothing more than an overt attempt to broadly cast his net and engage in improper group pleading. Plaintiff admits he has knowledge of additional facts and could have pled sufficient facts to state a claim, yet he chose not to plead sufficient facts to put each of the 18 Moving Chicago Police Officer Defendants on notice of what Plaintiff specifically claims they did. Dkt. 121, p. 7. As a result of Plaintiff's deliberate improper group pleading, Counts I, II, III, IV, VI, VII, VII, and IX must be dismissed. Each of these claims are deficient and Plaintiff's Response fails to explain how they can survive in the face of the arguments set forth in Moving Chicago Police Officer Defendants' Motion.

## ARGUMENT

I.  **Dismissal Of Counts I, II, VI, VII, And VII Is Proper Where Plaintiff Fails To Assert Facts To Support Any Personal Involvement By Moving Chicago Police Officer Defendants.**

Plaintiff's First Amended Complaint fails the federal notice pleading requirements. The analysis is whether the allegations set forth sufficient facts to support that each *individual Moving Chicago Police Officer Defendant* personally participated in the alleged constitutional violations resulting in Plaintiff's conviction, which Plaintiff's First Amended Complaint certainly does not.

As alleged, Counts I, II, VI, VII, and VII fail to support Moving Chicago Police Officer Defendants' personal involvement in the alleged constitutional violations. To bring a claim under § 1983, Plaintiff must demonstrate that Moving Chicago Police Officer Defendants were personally involved in the alleged unconstitutional claims. *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003). The

2

allegations set forth by Plaintiff fail to do that. Notably, Moving Chicago Police Officer Defendants are absent from the allegations. Dkt. 67, ¶¶ 27-67. Merely alleging in general that Defendant Officers, from three entirely separate police departments, violated Plaintiff's rights does not save his claims against the Moving Chicago Police Officer Defendants.

Rule 8 "requires a complaint provide sufficient detail to put defendants on notice of the claims…Each defendant is entitled to know what he or she did that is asserted to be wrongful." *In re Multiplan Health Insurance Provider Litigation*, 24 C 6795, 2025 WL 1567835, at *22 (N.D. Ill. June 3, 2025)(internal quotations and citations omitted). Unlike *In re Multiplan Health Insurance Provider Litigation*, where the plaintiffs alleged specific facts that the defendants acted as co-conspirators in a price fixing scheme sufficient to put the defendants on notice of the antitrust claims, here, Plaintiff fails to put any of the 18 Moving Chicago Police Officer Defendants on notice of the claims against him. *In re Multiplan Health Insurance Provider Litigation*, 24 C 6795, 2025 WL 1567835, at *22. Instead, Plaintiff alleges "Defendant Officers" from *three separate and distinct agencies*, Chicago Police Officers, Franklin Park Police Officers, and Cook County Sheriff's Police Officers, collectively harmed him; however, Plaintiff makes no allegations whatsoever against the 18 Moving Chicago Police Officer Defendants. Dkt. 67, ¶¶ 27-67.

Outside of the caption, paragraphs 15 and 16 (describing the parties), paragraph 21 (indicating Moving Chicago Police Officer Defendants Kennedy, Sanchez, Cline, Roti, Gorman, Dedore, Nunez, Escalante, and Schmitz supervised Defendant Officers), paragraph 97 (alleging Moving Chicago Police Officer Defendant Bartik engaged in prior misconduct) and the conclusion, the 18 Moving Chicago Police Officer Defendants' names do not appear anywhere else in the complaint. *Id.* at ¶¶ 15-16, 21, 27-67. However, specific allegations, including being members of an FBI Joint Task Force, were alleged against Chicago Police Officer Defendants who answered. *Id.* at ¶ 17. The 18 Moving Chicago Police Officer Defendants have no way of knowing if the allegations are pled against them, Franklin

3

Park Police Officers, or Cook County Sheriff's Police Officers as currently pled. *Id.* at ¶¶20, 27-59. This is insufficient to put the 18 Moving Chicago Police Officer Defendants on notice of the claims against them because "[l]iability is personal. An allegation that *someone* looted a corporation does not propound a plausible contention that a *particular person* did anything wrong." *Bank of Am. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013)(emphasis in original). The Federal Rules require notice, *i.e.*, notifying each defendant "what he or she did that is asserted to be wrongful." *Id.* Simply put, "[a] complaint based on a theory of collective responsibility must be dismissed." *Id.*

In his Response, Plaintiff argues that in certain cases sometimes referring simply to "the defendants" without further specification may be sufficient to adequately plead personal involvement. *See Brooks v. Ross*, 578 F.3d 574, 682 (7th Cir. 2009) (noting that such collective pleading is permissible where it is clear that the plaintiff is directing their allegations "at all of the defendants"). However, this is not such a case.

The discussion in *Liera v. City of Chi.*, No. 13 C 9032, 2014 WL 3921359 (N.D. Ill. Aug. 5, 2014) is instructive. In *Liera*, the plaintiffs could only match specific conduct to three defendant officers, so the court found that dismissal of the plaintiffs' claims "against an additional thirty-five police officers" was warranted because the plaintiff failed to allege "which officers were at which location or which officers participated in the alleged wrongful conduct." *Liera*, 2014 WL 3921359 at *3. The *Liera* Court explained that dismissal of the allegations against those defendant officers whose conduct was not specified by the plaintiffs was warranted because the plaintiffs' collective grouping of "defendant officers" did not put those officers "on notice of which actions they are alleged to have committed." *Id.* at *3 (citing *Martinez v. City of Chi.*, No. 09 C 5938, 2014 WL 6613421 (N.D. Ill. Sept. 8, 2010) (dismissing plaintiffs' claims against twenty-four defendant police officers because the complaint failed to provide notice to the defendants of the claims against them, and instead only alleged "conclusory legal statements and/or abstract recitations of the elements of given claims");

*Carter v. Dolan*, 08 C 7464, 2009 WL 1809917, *3 (N.D. Ill. June 25, 2009) ("A complaint that refers to multiple police officer defendant collectively as 'defendant officers' in each of the factual allegations does not provide each defendant officers with sufficient notice of the wrongdoings alleged."); *Johnson v. City of Chi.*, No. 08 C 2629, Slip. Op. at 2 (N.D. Ill. Feb. 2, 2009) (plaintiff's allegations of "some or all" defendant officers arresting him and "physical contact" with named officers were too vague to survive the motion to dismiss)). A similar result is necessary here.

Furthermore, Plaintiff's reliance on *Dukes* fails. In *Dukes*, the plaintiff asserted four defendant officers specifically interrogated him over the course of two days to extract involuntary statements. *Dukes v. Washburm*, 600 F. Supp. 3d 885, 898 (N.D. Ill. 2022). The plaintiff also alleged two of the defendant officers specifically authored a fabricated police report. *Id.* The court held because the plaintiff did not have the benefit of discovery to specifically identify the individual defendant officers' misconduct, the complaint survived the pleadings stage. *Id.* However, here in 40 paragraphs of factual allegations and thousands of pages of discovery obtained during the underlying post-conviction proceedings, Plaintiff failed to assert any factual allegations of wrongdoing against any of the Moving Chicago Police Officer Defendants. Dkt. 67, ¶¶ 27-67. Plaintiff has knowledge of what each individual Moving Chicago Police Officer Defendant allegedly did that is "asserted to be wrongful" yet failed to put Moving Chicago Police Officer Defendants on notice. *Knight*, 725 F.3d at 818. As this Court held in *Lynch*, Plaintiff's decision to put "no effort to describe the involvement of any of the individual defendants" and "lump all of the individual defendants together in a single, conclusory allegation" is insufficient. *Lynch v. City of Chi.*, No. 12 C 9032, 2013 WL 4506886, at *3 (N.D. Ill. Aug. 23, 2013).

Moreover, Plaintiff's reliance on *Gray* is unavailing. In *Gray*, and unlike here, the plaintiff alleged and identified specific allegations against the defendants. *Gray v. City of Chi.*, No. 18 C 2624, 2019 WL 3554239, at *6 (N.D. Ill. Aug. 1, 2019). Specifically, the plaintiff alleged one defendant officer "fabricated evidence of arson and acted contrary to fire-investigation standards in investigating the

5

fire" while other defendant officers on scene conferred together and allegedly fabricated evidence of arson. *Id.* The plaintiff further alleged two individual defendant officers interviewed witnesses and should have known a witness was not credible. *Id.* Additionally, the plaintiff alleged two defendant officers specifically arrested him without *Miranda* warnings. *Id.* The court held because the plaintiff in *Gray* alleged specific allegations against the individual defendant officers, the claim survived the motion to dismiss where he pled the police officer defendants violated his constitutional rights. *Id.*; *see also Saunders v. City of Chi. Heights*, 2014 WL 5801181 (N.D. Ill. Nov. 7, 2014)(holding the defendants had sufficient notice where the plaintiff specifically pled two defendant officers "bore a grudge against him" and conspired to frame the plaintiff). Here, however, there are no such specific allegations against any of the 18 Moving Chicago Police Officer Defendants. Dkt. 67, ¶¶ 27-67. Rather Plaintiff alleges Defendant Officers from Chicago Police, Franklin Park Police, and the Cook County Sheriff's Office Police, without reference to any specific Moving Chicago Police Officer Defendant, collectively violated Plaintiff's constitutional rights. *Id.* This is insufficient to state a plausible claim as "[v]ague references to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged unconstitutional conduct," do not suffice to state a claim. *See Grieveson v. Anderson*, 538 F.3d 763, 777-78 (7th Cir. 2008) (citing *Alejo*, 328 F.3d at 936).

Further, Plaintiff's reliance on *Pursley*, *Fulton*, and *Spring* is unpersuasive. Again in *Pursley*, the plaintiff alleged specific defendant officers arrived at the scene, pursued a witness, took said witness to the plaintiff's apartment and recovered evidence, and coerced the witness. *Pursley v. City of Rockford*, No. 18 CV 50040, 2019 WL 4918139, at *4-5 (N.D. Ill. Oct. 4, 2019). The court held that because the plaintiff "alleged specific individual defendants in numerous paragraphs and refers to defendant officers regarding some investigatory acts," the plaintiff put the defendants on notice of the claim. *Id.* In *Fulton*, the plaintiff raised specific allegations against the individual officer defendants, including interviewing witnesses which led to allegedly fabricated statements. *Fulton v. Bartik*, 547 F. Supp. 3d

6

799, 806-07 (N.D. Ill. July 1, 2021). The court held that the allegations against the individual defendants were not so vague that they failed to provide notice. *Id.* at 810-11. In *Spring*, the plaintiff alleged when the specific conduct against the defendants occurred, where the conduct occurred, and what specifically about the medical care was allegedly inadequate. *Spring v. Schwarz*, No. 15 C 5437, 2017 WL 4130504, at * 3 (N.D. Ill. Sept. 19, 2017). Based on these allegations, the *Spring* court held there was sufficient notice. *Id.* However, here there are no allegations, let alone any sufficient details, pled against any of the 18 Moving Chicago Police Officer Defendant individually. Dkt. 67, ¶¶ 27-67. This is insufficient.

Plaintiff's reliance on *Kuri* is likewise unavailing. In *Kuri*, the court permitted group pleading on the basis that the defendants, not the plaintiff, were in possession of the knowledge of which defendant allegedly was responsible for the malicious prosecution. *Kuri v. City of Chi.*, No. 13 C 1653, 2014 WL 114283, at *7 (N.D. Ill. Jan. 10, 2014). However, here, Plaintiff has sufficient knowledge to put each of the 18 Moving Chicago Police Officer Defendant on notice of the claims against him and failed to properly plead those allegations. Indeed, Plaintiff concedes "[he] and his attorneys certainly have knowledge of additional facts" (Dkt. 121, p. 7) yet none of these facts are pled. Therefore, this is not a case in which additional discovery is necessary to properly plead specific allegations against Moving Chicago Police Officer Defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009)(holding pretrial discovery may be necessary where the *pro se* plaintiff is not in a position to identify the defendant and lacks sufficient knowledge to identify which individual defendant committed the alleged constitutional deprivation). Plaintiff has long had the benefit of discovery in his underlying criminal proceeding and was represented by competent counsel. The absence of any specific allegations against the 18 Moving Chicago Police Officer Defendants under these circumstances demonstrates they were not involved in the alleged wrongs. Accordingly, Plaintiff

fails to identify how any of the Moving Chicago Police Officer Defendants personally participated in any of the alleged constitutional deprivations. *Alejo*, 328 F.3d at 936.

Specifically, Count I fails because Plaintiff failed to plead, which, if any Moving Chicago Police Officer Defendant fabricated evidence to obtain Plaintiff's conviction. Plaintiff failed to plead any specific factual allegations against the 18 Moving Chicago Police Officer Defendants including which officer(s) allegedly fabricated the false statements from Colon, Clay, and DeYoung (Dkt. 67 at ¶¶ 31-40), who was allegedly apart of "Operation Snake Doctor" and obtained false statements from Destiny Perez, Destiny Rodriguez, and Ruben Rodriguez (*Id.* at ¶¶ 41-48), and who obtained the alleged exculpatory evidence and suppressed it (*Id.* at ¶ 47). Moreover, Plaintiff does not identify which agency the "Defendant Officers" who committed the alleged misconduct worked for. *Id.* at ¶¶ 27-59. Therefore, Count I must be dismissed because Plaintiff fails to provide Moving Chicago Police Officer Defendants "fair notice of what the…claim is and the grounds upon which it rests." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2013).

Count II also fails because there are no allegations to support or explain how the 18 Moving Chicago Police Officer Defendants each participated in the malicious prosecution and unlawful detention of Plaintiff or that they had notice of the allegedly fabricated evidence used in the underlying criminal proceedings. Dkt. 67 at ¶¶ 113-117. Thus, Count II must be dismissed because Plaintiff's general allegations do not state a plausible claim against the 18 Moving Chicago Police Officer Defendants. For all of the same reasons, Counts VI (state law malicious prosecution), VII (state law intentional infliction of emotional distress), VII (state law willful and wanton conduct), and IX (state law conspiracy) also fail and must be dismissed.

Accordingly, Plaintiff's attempt to broadly cast his net and inculpate multiple individuals by asserting "Defendant Officers" from three separate agencies without further support or explanation as to how each individual was purportedly involved cannot survive dismissal. "This kind of pleading

8

is indeed inadequate, because it provides no clues as to whether, for the particular conduct described, plaintiffs assert that each and every one of the defendants engaged in that conduct – in which case the collective descriptor may be permissible – or whether plaintiffs instead contend that only some of the defendant, or possible even *none* of them, performed a given act." *Atkins v. Hasan*, No. 15 CV 203, 2015 WL 3862724, *3 (N.D. Ill. June 22, 2015)(emphasis in original)(citing *Brooks*, 578 F.3d at 580 (observing that where a complaint alleges only that "one or more of the Defendants" has engaged in certain conduct, such vague phrasing "does not adequately connect specific defendants to illegal acts.")); *see also Carter*, 2009 WL 1809917 at *3 ("A complaint that refers to multiple police officer defendants collectively as 'defendant officers' in each of the factual allegations does not provide each defendant officer with sufficient notice of the wrongdoings alleged. This is especially true where nine Defendant officers are listed on the face of the complaint.")). Thus, Plaintiff's First Amended Complaint fails against Moving Chicago Police Officer Defendants and Counts I, II, VI, VII, and VII must be dismissed.[1]

## II.   Plaintiff's Response Makes Clear That His Failure To Intervene and Conspiracy Claims Are Deficient.

Plaintiff's Response does not raise any challenge to Moving Chicago Police Officer Defendants' assertion that where his claims of constitutional violations have failed, his failure to intervene claim cannot survive. *See* Dkt. 121. Plaintiff's response provides no further clarification or explanation as to how any Moving Chicago Police Officer Defendant had reason to know that another officer was committing a constitutional violation and that the officer had a realistic opportunity to intervene to prevent the harm from occurring. *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994); *see also*

---

[1] To the extent that Plaintiff relies on pleadings filed in the consolidated cases, this Court should disregard any such attempts because it is well established that when reviewing a Rule 12(b)(6) motion to dismiss, the court is generally limited to the four corners of the complaint. *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Within the four corners of the complaint, Plaintiff fails to allege the 18 Moving Chicago Police Officer Defendants' personal involvement in the alleged constitutional deprivations.

*See Harper v. Albert*, 400 F. 3d 1052, 1064 (7th Cir. 2005)("In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation."). In Count III, Plaintiff pled "Defendant Officers" and "Chicago Police Officer Defendants" collectively failed to intervene. Dkt. 67 at ¶¶ 118-123. Count III fails to establish any personal involvement of any of the 18 Moving Chicago Police Officer Defendants individually. Even so, "[p]erfunctory and underdeveloped arguments are waived, as are arguments unsupported by legal authority." *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016). Plaintiff's failure to respond is a waiver. Therefore, Count III must be dismissed.

Likewise, Counts IV and IX must be dismissed. Plaintiff's assertion that the nature of the conspiracy renders it unclear which Moving Chicago Police Officer Defendant were involved in coercing and documenting DeYoung's false statement is insufficient to state a conspiracy claim. Dkt. 121, p. 6. Allegations of a conspiracy have routinely been held to a higher pleading standard than other allegations. *See Geinosky v. City of Chi.*, 675 F.3d 743, 749 (7th Cir. 2012)(the complaint must allege facts that when taken collectively give rise to "a plausible account of a conspiracy")); *see also Redd v. Nolan*, 663 F.3d 287, 292 (7th Cir. 2011)(a bare assertion of a conspiracy is an unsupported legal conclusion that a court is not bound to accept as true on a 12(b)(6) motion to dismiss where it "includes not a whiff of a conspiratorial agreement or any improper complicity between [the defendants] to support the conclusory allegation.") Further, conspiracy is not a separate tort in Illinois; it is a means of establishing vicarious liability among coconspirators for an underlying tort. *Merrilees v. Merrilees*, 998 N.E.2d 147, 162 (Ill. App. Ct. 2013)("It is well-settled that conspiracy, standing alone, is not a separate and distinct tort in Illinois.") Plaintiff has not alleged facts that, with respect to the Defendant Officers (as defined in the First Amended Complaint), show a "a combination of two or more persons for the purpose of accomplishing, through concerted action, either an illegal object or a legal object by an

illegal means." *Rodgers v. People Gas, Light & Coke Co.*, 315 Ill. App. 3d 340 (1st Dist. 2000). Plaintiff's perfunctory response is yet another waiver. *Schaefer*, 839 F.3d at 607.

Even so, the general assertions that Defendant Officers, from three separate police departments, conspired to fabricate evidence to detain, prosecute, and convict Plaintiff is insufficient to put the 18 Moving Chicago Police Officer Defendants on notice of the claims against them. Plaintiff does not set forth the requisite facts necessary to plead that the Moving Chicago Police Officer Defendants knowingly and voluntarily participated in a common scheme to commit an unlawful act in an unlawful manner. Dkt. 67, ¶¶ 27-67. There is nothing pled to establish that the Defendant Officers were aware of the various actions Plaintiff claims took place. *Id.* As such there is nothing to support that those Defendant Officers knowingly and voluntarily reached an agreement to deprive Plaintiff of his constitutional rights, or took steps in furtherance of that agreement. *Knight*, 725 F.3d at 818 (under Rule 8, the plaintiff must allege that "a particular defendant joined the conspiracy and knew of its scope."). Therefore, Counts IV and XI must be dismissed.

### III.    Dismissal of Plaintiff's State Law IIED Claim is Proper.

Plaintiff footnotes his response to Moving Chicago Police Officer Defendants' arguments relating to Plaintiff's IIED claim. Such perfunctory and underdeveloped argument is again waived. *Schaefer*, 839 F.3d at 607. Here, because Plaintiff's § 1983 claims fail against Moving Chicago Police Officer Defendants for their failure to allege any personal involved by the Moving Chicago Police Officer Defendants, Plaintiff's state law intentional infliction of emotional distress claim fails too. *See Patrick v. City of Chi.*, 81 F.4th 730, 737 (7th Cir. 2023)(holding because the district court did not err in dismissing the plaintiff's § 1983 claims, it did not err in dismissing his derivative claims, including his state law claims). Therefore, Count VII must be dismissed.

## **CONCLUSION**

WHEREFORE, Defendants, Christopher Kennedy, James Sanchez, Matthew Cline, Charles Daly, Ed Zablocki, Nicholas Roti, Joseph Gorman, Scott Dedore, Michael Dyra, Michael Nunez, Joel Bemis, Scott Korhonen, John Escalante, Leo Schmitz, Sean Fergus as Special Representative of Sheamus Fergus, deceased, Robert Bartik, Richard Green, Nicholas Spanos, respectfully request that in accordance with the foregoing that the Court dismisses Counts I-IV, and VI-IX with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and for any other relief this Court deems to be just and proper.

Respectfully submitted,

BORKAN & SCAHILL, LTD.

By: /s/ Amanda C. Guertler

Steven B. Borkan
Timothy P. Scahill
Emily E. Schnidt
Misha Itchhaporia
Amanda C. Guertler
Drew E. Wycoff
BORKAN & SCAHILL, LTD.
Two First National Plaza
20 South Clark Street, Suite 1700
Chicago, Illinois 60603
(312) 580-1030

12