# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDGARDO COLON, | ) | Case No.: 23-CV-16798 |
| | ) | |
| Plaintiff, | ) | The Honorable Matthew F. Kennelly |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY F. NORADIN, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| TYRONE CLAY, | ) | Case No.: 23-CV-16799 |
| | ) | |
| Plaintiff, | ) | The Honorable Matthew F. Kennelly |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY F. NORADIN, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ALEXANDER VILLA, | ) | Case No.: 25-CV-01968 |
| | ) | |
| Plaintiff, | ) | The Honorable Matthew F. Kennelly |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY NORADIN, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' JOINT FIRST REQUEST TO
PRODUCE DOCUMENTS TO ALL CITY DEFENDANTS**

Plaintiffs, by and through their respective attorneys, propound the following Requests for

Production pursuant to Federal Rule of Civil Procedure 34, and applicable local rules, upon

Defendants Anthony Noradin, Samuel Cirone, William Brogan, Denis Walsh, Joel Keller, James

Adams, John Graham, Albert Perez, Donald Falk, James Gilger, John Hillman, Timothy McDermott, Marc Leavitt, Hector Alvarez, John Folino, Maurizio Inzerra, Demosthen Balodimas, Gary Yamashiroya, Christopher Kennedy, James Sanchez, Matthew Cline, Charles Daly, Ed Zablocki, Nicholas Roti, Joseph Gorman, Scott Dedore, Michael Drya, Michael Nunez, Joel Bemis, Scott Korhonen, John Escalante, Leo Schmitz, Robert Bartik, Richard Green. Nicholas Spanos, Garry McCarthy and Sean Fergus, as a special representative for Sheamus Fergus, and the City of Chicago to be answered by each separately within thirty days after service hereof.

## DEFINITIONS AND INSTRUCTIONS

1. "Plaintiffs," refer to Plaintiffs Alexander Villa, Tyrone Clay, and Edgardo Colon, as well as, where the clear meaning is not destroyed by the addition, their counsel and any of their representatives, agents, or other Persons acting on their behalf.

2. "Defendant Officer(s)" shall refer to individual Defendants Anthony Noradin, Samuel Cirone, William Brogan, Denis Walsh, Joel Keller, James Adams, John Graham, Albert Perez, Donald Falk, James Gilger, John Hillman, Timothy McDermott, Marc Leavitt, Hector Alvarez, John Folino, Maurizio Inzerra, Demosthen Balodimas, Gary Yamashiroya, Christopher Kennedy, James Sanchez, Matthew Cline, Charles Daly, Ed Zablocki, Nicholas Roti, Joseph Gorman, Scott Dedore, Michael Drya, Michael Nunez, Joel Bemis, Scott Korhonen, John Escalante, Leo Schmitz, Robert Bartik, Richard Green. Nicholas Spanos, Garry McCarthy, Don Giuliano, Franco Domma, and Sean Fergus, as a special representative for Sheamus Fergus, and, where the clear meaning is not destroyed by the addition, their counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other persons acting on their behalf.

3. "CPD Defendant Officers" shall refer to individual Defendants Anthony Noradin, Samuel Cirone, William Brogan, Denis Walsh, Joel Keller, James Adams, John Graham, Albert Perez, Donald Falk, James Gilger, John Hillman, Timothy McDermott, Marc Leavitt, Hector Alvarez, John Folino, Maurizio Inzerra, Demosthen Balodimas, Gary Yamashiroya, Christopher Kennedy, James Sanchez, Matthew Cline, Charles Daly, Ed Zablocki, Nicholas Roti, Joseph Gorman, Scott Dedore, Michael Drya, Michael Nunez, Joel Bemis, Scott Korhonen, John Escalante, Leo Schmitz, Robert Bartik, Richard Green. Nicholas Spanos, Garry McCarthy, and, where the clear meaning is not destroyed by the addition, their counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other persons acting on their behalf.

4. "CCSAO Defendants" shall refer to Defendants Nancy Adduci, Andrew Varga, John Brassil,

2

and John Dillon.

5. "CCSO Defendants" shall refer to Franco Domma.

6. "Franklin Park Defendants" shall refer to the Village of Frankin Park and Defendant Donald Giuliano.

7. "Defendant City of Chicago," "City of Chicago" or "the City" shall refer to Defendant City of Chicago, including its subdivisions, departments, officials, and any other constituent entity within its control, including but not limited to the Independent Police Review Authority ("IPRA"), the Civilian Office of Police Accountability ("COPA"), the Office of Professional Standards ("OPS"), and the Internal Affairs division of the Chicago Police Department, as well as any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, and other persons acting on its behalf.

8. The terms "Chicago Police Department," "the Department," or "CPD" shall refer to the Chicago Police Department, and all of its subdivisions, departments, agencies, subsidiaries, elected officials, corporate officers, and any other constituent entity within its control, as well as any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on the Department's behalf.

9. The terms "Defendant Cook County," "County of Cook," "Cook County" or "the County" shall refer to Defendant Cook County, including its subdivisions, departments, officials, and any other constituent entity within its control, as well as any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, and other persons acting on its behalf.

10. "Defendant Village of Franklin Park," "Franklin Park" or "the Village" shall refer to Defendant Franklin Park, including its subdivisions, departments, officials, and any other constituent entity within its control, as well as any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, and other persons acting on its behalf.

11. "Individual Defendant(s)" shall refer to the Defendant Officers and CCSAO Defendants.

12. "Defendants" refers to all of the named defendants in this case.

13. The "Clifton Lewis Homicide" shall refer to the murder of Officer Clifton Lewis on December 29, 2011.

14. "Lewis Homicide Investigation" shall mean any actions taken by any of the Defendants or any other Investigator to determine the cause or circumstances of and/or the person or persons responsible for the incident that resulted in the death of Officer Clifton Lewis. This includes but is not limited to the police investigative materials maintained under Records Division No. HT625369. This term is not limited solely to those actions leading to the investigation and prosecution of Plaintiffs, but includes actions taken with regard to any other

3

possible witnesses or suspects. In addition, this term is not limited solely to actions taken prior to the arrest of Plaintiffs, but includes actions undertaken at any time during or after Plaintiffs' criminal proceedings and any actions undertaken at any time after Plaintiffs' exoneration, up to and including the present day. "Lewis Homicide Investigation" is not limited to the actions of Defendants but includes actions taken by any Person fitting the description of Investigators as defined below.

15. "Investigator(s)" shall mean any Persons who materially participated in the Lewis Murder Investigation. This not only includes the named Defendants but also any other law enforcement officers, prosecutors, co-workers, colleagues, assistants, agents, advisors or entities who furnished any material support to the Lewis Murder Investigation.

16. "Exculpatory Evidence" shall mean evidence favorable to Plaintiffs; evidence that would tend to show that Plaintiffs were not guilty of the Lewis Homicide; and/or any evidence that would impeach or tend to undermine the credibility of any prosecution witness who testified, or could have testified, during Plaintiffs' criminal proceedings.

17. "Person" shall refer to any individual, corporation, partnership, organization, or other legal entity.

18. "Plaintiffs' Complaint" shall mean the operative pleading filed in this case or any amended version of that document filed after these instructions are given.

19. "Complaint" or "Complaints" (as opposed to "Plaintiffs' Complaints") refers to any complaint or criticism, including but not limited to written complaints, grievances, disciplinary records, citizen's complaints, personnel records, lawsuits or legal complaints, or other Documents relating in any manner to any Individual Defendant's job performance or the job performance of any Chicago Police Department police officer, Village of Franklin Park police officer, Cook County Sheriff's Office police officer, or Cook County State's Attorney's Office employee, regardless of the disposition of any resulting inquiry or investigation.

20. "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include the singular, and the use of a masculine, feminine, or neutral pronoun shall not exclude any of the others. The past tense includes the present tense and the present tense includes the past tense, where the clear meaning is not destroyed by the change.

21. The term "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, electronic, audio, video, or other graphical matter, regardless of how it is printed, stored or reproduced, in your possession, custody, or control, or known by you to exist, whether or not claimed to be privileged or otherwise excludable from discovery. Any Documents with any marks or notations, including but not limited to initials, routing instructions, date stamps, and any comments, marking or notation of any character, is to be considered a separate document. In addition, for any Document consisting of electronically stored information,

each electronically stored version of that Document and all electronically stored information relating to that Document shall be considered a separate document.

22. "Identify" with respect to a person, shall mean to provide that person's name, address, and telephone number. With respect to a Document, "identify" shall mean to provide the date of the Document, the author of the Document, the subject matter of the Document, and where applicable, all recipients of the Document. With respect to a Communication, "identify" shall mean to provide the date of the Communication, the Person making the Communication, the subject matter of the Communication, and all Persons who received the Communication.

23. "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

24. "Communication" means the exchange of information between two or more Persons, whether orally, in writing, electronically, or by any other means.

25. Unless otherwise stated, the relevant time period for each of Plaintiffs' discovery requests shall begin five years before the date of the Lewis Homicide and continue until the conclusion of this litigation.

26. Documents that are stored electronically shall be produced in their native format.

27. Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

28. If there are no Documents in your possession, custody, or control responsive to a particular request, please so state and identify the particular request for which you have no responsive Documents in your possession, custody, or control.

29. If any Documents responsive to Plaintiffs' discovery requests are known by you to exist but are not in your possession, custody, or control, please identify those Documents and the Person who has possession, custody, or control thereof.

30. In the event that any Document requested or identified by any discovery request has been destroyed or lost, please identify the Document destroyed or lost, its contents, the approximate date of each Document's destruction or loss, the identity of the persons who last observed the Document prior to its destruction or loss, and the reason for its destruction or circumstances of its loss.

31. If you contend that any terms used in any of Plaintiffs' requests are vague, ambiguous, or overbroad, please produce with your response all documents that you agree fall within the scope of discovery, as required by Federal Rule of Civil Procedure 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing, with your responses, any categories of documents actually or potentially withheld, as required by Federal Rule of Civil Procedure 34(b)(2)(C). Should you object to any definition of any term used by Plaintiff as

5

vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiffs' request and provide any definitions and/or limitations that you are employing in your interpretation.

32. In the event that you claim a privilege regarding any of the information sought in Plaintiffs' discovery requests, please state the privilege claimed and provide sufficient information, including the type of information that has been withheld as purportedly privileged, so that the claim of privilege may be adjudicated. Please provide a privilege log of any and all Documents that you have withheld on the basis of the privilege asserted, including the number of pages in each document withheld, the type of document withheld, the date(s) of the document withheld, so that the claim of privilege may be adjudicated.

33. These Requests are continuing in nature.

## <u>REQUESTS FOR PRODUCTION</u>

1.      All Documents that relate to, support, or rebut any of the allegations or claims in Plaintiffs' Complaints.

2.      All Documents relating to the Lewis Homicide Investigation and the investigation, arrest, interrogation, lineup, identification, charging, or prosecution of Plaintiffs for the Lewis Homicide, including but not limited to any and all police reports, collected evidence, forensic and other testing results, DNA profiles, lab reports, logs, notes, handwritten notes, charts, instrument and computer print outs, crime scene photographs, photographs or reports of live or photo lineups or arrays, photographs of Plaintiffs or other witnesses, electronically stored information, Communications, photographs, and videos.

3.      All Documents relating to the Lewis Homicide Investigation and the investigation, arrest, interrogation, lineup, identification, charging, or prosecution of Plaintiffs for the Lewis Homicide stored within each and every unit of the Chicago Police Department, including but not limited to Chicago Police Headquarters, the Office of Legal Affairs, the Records Division, Detective Division Areas, Gang Crimes, the Special Operations Section, the Evidence and Recovered Property Section (ERPS), the Chicago Crime Lab, and the Identification Section, as well as any storage warehouses, rooms, repositories, or other areas used by any unit of the Chicago Police Department, including the filemaker file and running log.

4.      All transcripts, video recordings, tape recordings, radio and emergency transmissions, or other electronic audio or visual communications (or Documents memorializing the same) relating to the Lewis Homicide Investigation or the subjects described in Plaintiffs' respective Complaints.

5.      Any and all documents reflecting witness statements, notes of witness statements, or information provided by witnesses relating to the Lewis Homicide Investigation or any of the events described in Plaintiffs' respective Complaints.

6.      All Documents relating to or supporting Defendants' Affirmative Defenses or

Answers to Plaintiffs' Complaints in this action, including all Documents upon which you may rely at trial.

7.      All Documents which support or relate to any of your responses to any of Plaintiff's Interrogatories and Requests to Admit in this case. As with all requests, please timely supplement your response to this request for production throughout this litigation.

8.      All Documents relating to Plaintiffs, including but not limited to color copies of any photographs taken of Plaintiffs.

9.      All Documents relating to any City of Chicago investigation or internal investigation (*e.g.*, internal affairs, IPRA, OPS, COPA, employee discipline, disciplinary review, police board, etc.) undertaken in connection with the events described in Plaintiffs' Complaints, including any and all attachments and any and all investigator notes.

10.      All Documents relating to any criminal investigation of any Individual Defendant, including but not limited to Communications about any such investigation.

11.      All Documents that reflect the locations, movements, assignments, or contacts made by any Investigator at the times described in Plaintiffs' Complaints, such as police reports, arrest lists, ticket books, log sheets, daily activity reports, calendars, contact cards, overtime requests, etc.

12.      All Documents that reflect the locations, movements, and assignments of the Investigators from December 29, 2011 to November 22, 2013.

13.      All Documents relating to any questioning, interview, or interrogation of any witness, including but not limited to Plaintiff Alexander Villa, Plaintiff Tyrone Clay, and/or Plaintiff Edgardo Colon, Melvin DeYoung, Destiny Perez, Destiny Rodriguez, Ruben Rodriguez, Yadira DeYoung, Monica Rivera, Israel Velez, Rene Vasquez, and Nicholas Owens, and all witnesses listed on the parties' Rule 26(a)(1) disclosures, including but not limited to video recordings, audio recordings, photographs, polygraphs, Communications, police reports, investigative notes, handwritten notes, testing results, or readouts.

14.      All Documents containing, constituting, or memorializing Communications that refer or relate to the Lewis Homicide Investigation and/or Plaintiffs' alleged involvement in the crime. This Request includes but is not limited to all Communications (a) between any of the Defendants or their employees or agents and Plaintiffs; (b) among any of the Defendants or their employees and agents; (c) between any Defendants or their employees or agents and any third-party, including other law enforcement agencies; and (d) with the Cook County State's Attorney's Office, United States Attorney's Office, or Federal Bureau of Investigation.

15.      All Documents, including Defendants' personal notes, that summarize, reflect, or describe any activities undertaken during the Investigation of the Lewis Homicide.

16.      All Documents, including Street Files or running files, which were not included

7

in the Homicide Investigative File and that summarize, reflect or describe any police actions related to the Lewis Homicide Investigation.

17.     All Documents relating to any Communication between any of the Defendants, or their counsel, employees, agents, representatives, or any Person working on their behalf, and any Person who may have discoverable information or knowledge of the allegations or claims in Plaintiffs' Complaints or the Defendants' defenses to Plaintiffs' Complaints, including but not limited to any witness disclosed by any of the parties under Rule 26 or in response to Interrogatories.

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiffs as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiff's request, including providing any counter-definitions.

18.     Any Documents, including personal notes or the personal file of any Investigators, that were not included in the official file for the Lewis Homicide Investigation or that were not included in the Documents produced to Plaintiffs or their criminal defense attorneys during the pendency of his criminal or post-conviction proceedings and that summarize, reflect, or describe any activities undertaken during the Investigation of the Lewis Homicide.

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiffs as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiffs' request, including providing any counter-definitions.

19.     All physical evidence relating to any of the allegations in Plaintiffs' Complaints or the Defendants' defenses to Plaintiffs' Complaints.

20.     All Documents that comprise records of physical evidence relating to the Lewis Homicide Investigation.

21.     All Documents, including notes and police reports, that summarize, reflect, or describe any witness interview, lineup (whether live or using a single or multiple photographs), show up, witness identification, or clothing identification procedure conducted during the Lewis Homicide Investigation.

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as

8

required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiffs as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiffs' request, including providing any counter-definitions.

22.     Maps, floor plans, and photographs of all Chicago Police Department facilities in Plaintiff Alexander Villa, Plaintiff Tyrone Clay, and/or Plaintiff Edgardo Colon, Melvin DeYoung, Destiny Perez, Destiny Rodriguez, Ruben Rodriguez, Yadira DeYoung, Monica Rivera, Israel Velez, Rene Vasquez, Nicholas Owens, and any other witness related to the Lewis Homicide Investigation were detained, held, questioned, interrogated, or questioned.

23.     All Documents relating to any prisoner transport vans between December 29, 2011 and November 22, 2013 relating to the Lewis Homicide Investigation, including any and all records that reflect the transportation of Plaintiff Alexander Villa, Plaintiff Tyrone Clay, and/or Plaintiff Edgardo Colon, Melvin DeYoung, Destiny Perez, Destiny Rodriguez, Ruben Rodriguez, Yadira DeYoung, Monica Rivera, Israel Velez, Rene Vasquez, Nicholas Owens, and any other witness related to the Lewis Homicide Investigation during that time period.

24.     All Documents relating to any oral or written confessions or inculpatory statements purportedly given by Plaintiff Villa, Plaintiff Clay, and/or Plaintiff Colon, including but not limited to all notes relating to any such confession and/or inculpatory statements, any drafts of confessions and/or inculpatory statements written by Plaintiff or any other Person, and every copy of any such confession.

25.     All Documents that you may rely upon at trial to suggest that there was probable cause to suspect Plaintiff Villa of involvement in the Lewis Homicide.

26.     All Documents that you may rely upon at trial to suggest that there was probable cause to suspect Plaintiff Colon of involvement in the Lewis Homicide.

27.     All Documents that you may rely upon at trial to suggest that there was probable cause to suspect Plaintiff Clay of involvement in the Lewis Homicide.

28.     Any Documents relating to any confidential informants that were used by the Department during the Lewis Homicide Investigation.

29.     All Documents related to the firing or resignation of any Investigator, including but not limited to any Communication to any Individual Defendant on the subject of firing or resignation.

30.     All Area 5 Detective Division Daily Major Incident Logs from December 29, 2011 to November 22, 2013.

31.     All Documents or evidence favorable to Plaintiffs that would tend to show that he was not guilty of the Lewis Homicide, including any evidence that would tend to undermine

9

the credibility of any prosecution witness who provided evidence during any of Plaintiffs' criminal proceedings.

32.     All Documents provided to you by or obtained by you from any of Plaintiffs' criminal defense attorneys or their investigators or agents.

33.     All Documents relating to the investigation, arrest, interrogation, charging, or prosecution of any person who you have ever considered a suspect in the Lewis Homicide Investigation, through the present day.

34.     All Documents related to any Complaint of any person alleging official misconduct of any kind on the part of any of the Individual Defendants. This request specifically seeks but is not limited to (a) a print out of the disciplinary history of each Individual Defendant with information sufficient to determine the date of any Complaint, the type of Complaint, and the result of any investigation or disciplinary proceeding with respect to each such Complaint, and (b) the complete file for each Complaint.

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiffs as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiffs' request, including providing any counter-definitions.

35.     All Documents relating to the employment with the City of Chicago or Cook County of any of the Individual Defendants, including complete personnel, employment, internal affairs, training, and disciplinary records for each Individual Defendant.

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiffs as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiffs' request, including providing any counter-definitions.

36.     As follows:

   a. *Individual Defendants Only*: a photograph that shows your appearance at or near December 2011.
   b. *Defendant City of Chicago Only*: a photograph that shows the appearance at or near December 2011, of each of the Defendant Officers.

37.     Any Documents that support a claim that any of the Investigators acted inconsistently with any of the policies and practices of the City of Chicago, the Chicago Police

10

Department, or the Cook County State's Attorney's Office at any time during the Lewis Murder Investigation or at any time during any event or circumstance described in Plaintiffs' Complaints.

38. All Documents relating to any and all criminal convictions of any Person related to any of the claims or defenses in this action. Please be advised that your duty to supplement your answer to this request remains ongoing as discovery progresses, and that Plaintiffs intends to move *in limine* to bar any references to convictions not identified in the manner requested.

39. All Documents obtained via third party subpoena in this litigation, including but not limited to court records, prosecutors' records, employment records, medical records, prison/jail records, or any other records.

40. All Documents relating to any Rule 26 expert witnesses retained by Defendants in this matter, including but not limited to: (a) all Communications to and from said expert(s); (b) all Documents provided to and relied upon by said expert(s); and (c) any transcripts of prior testimony or Rule 26 reports of said expert(s). To the extent responsive Documents become available as the litigation proceeds, please supplement your Responses.

41. Any and all "demonstrative" aids or exhibits which may be used at trial of this cause. To the extent responsive Documents become available prior to the close of the discovery period, please supplement your Responses.

42. All Documents, including but not limited to documents comprising Communications, relating to the following witnesses or purported witnesses: Plaintiff Villa, Plaintiff Tyrone Clay, Plaintiff Edgardo Colon, Melvin DeYoung, Destiny Perez, Destiny Rodriguez, Ruben Rodriguez, Yadira DeYoung, Monica Rivera, Israel Velez, Rene Vasquez, Nicholas Owens, and any other witness related to the Lewis Homicide Investigation, including documents within the possession, custody, or control of the Chicago Police Department and Defendant Cook County, including the Cook County Jail (aka Cook County Department of Corrections).

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiffs as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiffs' request, including providing any counter-definitions.

43. All Documents comprising or relating to any training manual(s), employee handbook, or police procedure manual that any Defendant Officer ever received from the Chicago Police Department.

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as

11

required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiffs as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiffs' request, including providing any counter-definitions.

44.     ***Defendant City of Chicago Only***: A complete copy of any policies or procedures relating to the discipline of police officers or to disciplinary proceedings that were applicable at any time between 2011 and 2019.

45.     ***Defendant City of Chicago Only***: All Documents relating to any written policy or procedure of the City of Chicago or the Chicago Police Department, regarding any of the following subjects:

a.  documenting or memorializing the various developments in an investigation in such a way that they would become part of the official file as the investigation proceeded, and filing, retaining, storing, or destroying police investigative material, including witness statements, reports, and notes, during the course of an investigation;
b.  conducting, documenting, or memorializing photo or in-person lineups, show-ups, clothing line-ups, or any other type of identification procedures, including for adults and juveniles;
c.  conducting, documenting, memorializing or recording interviews, questioning, or interrogations of witnesses, including of juvenile witnesses;
d.  using incentivized accusers and/or jailhouse informants in criminal investigations;
e.  disclosing exculpatory evidence to suspects, criminal defendants, or prosecutors, including through the subpoena response unit;
f.  providing, qualifying for, authorizing, and/or documenting overtime hours and/or overtime compensation, including for detectives;
g.  protecting the constitutional rights of individuals in police custody;
h.  reporting, investigating, identifying, tracking, or reviewing rates by which detectives clear or close investigations, including homicide investigations;
i.  reporting, investigating, identifying, tracking, or reviewing allegations of officer misconduct, and/or,
j.  disciplining or supervising police officers who engage in misconduct.

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiffs as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiffs' request, including providing any counter-definitions.

12

46. ***Defendant City of Chicago Only***: All Documents identifying any policymaker who was responsible for or had final policymaking authority for any policy or procedure of the Chicago Police Department between 2011 and 2019 on any of the subjects identified in Request for Production No. 45, above, as well as all Documents relating to any effort of those policymaker(s) to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any such policy or procedure.

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiffs as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiffs' request, including providing any counter-definitions.

47. ***Defendant City of Chicago Only***: All Documents relating to any change made to any policy or procedure on any of the subjects identified in Request for Production No. 45, above, between 2011 and 2019.

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiffs as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiff's request, including providing any counter-definitions.

48. ***Defendant City of Chicago Only***: All Documents relating to any training that any Individual Defendant received in connection with his employment, including but not limited to training, on any of the subjects identified in Request for Production No. 45, above.

49. ***Defendant City of Chicago Only***: All Documents relating to every instance in which an employee of the Chicago Police Department was subject to any form of discipline for failing to follow policies or procedures on any of the subjects identified in Request for Production No. 45, above.

50. ***For the Individual Defendants Only***: All Documents relating to your total financial net worth, including, but not limited to:

> a. All Documents relating to any assets in your possession with a value in excess of $2,500;
> b. Copies of all monthly statements for the period March 2020 through the present for all bank accounts, retirement accounts, stocks, bonds, mutual funds, and/or securities in which you have any ownership interest;

c.   Copies of any insurance policy in which you are either the beneficiary or have any other ownership interest;

d.   A copy of the deed to your residence(s). If you do not own your home, please produce a copy of a current lease;

e.   A copy of the title to your automobile(s), as well as a copy of all Documents relating to financing, ownership, and any equity you may have in said automobile(s);

f.   All Documents relating to any ownership interest in any real estate, including copies of any deeds or titles;

g.   A copy of your last four pay stubs relating to any employment in which you are engaged, including but not limited to the Chicago Police Department;

h.   All Documents relating to any mortgage applications signed by you in the past four years; and

i.   Copies of your three most recent state and federal tax returns

j.   All Documents reflecting the transfer of assets exceeding $10,000, including but not limited to such transfers in the form of a gift, or into a trust.

51.      ***For the Individual Defendants Only***: All Documents that support a defense by you in this litigation that an award of punitive damages would cause a financial hardship.

52.      Documents sufficient to show all cell phone numbers and providers used by the Investigators at any time between December 2011 and the present day. This request specifically includes both work-issued and personal numbers.

53.      All Documents that constitute, reflect, or summarize any payroll, time-keeping, compensation, overtime, compensatory time, or pay records for the Defendant Officers for time working for the Chicago Police Department. This request specifically includes any documents reflecting overtime requests, approvals, and denials; authorization for overtime; and notification of overtime to supervisors or other personnel.

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiffs as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiffs' request, including providing any counter-definitions.

54.      All rosters or similar documents listing inmates, detainees, and/or employees present at the Chicago Police Department Area 5 at any time between December 29, 2011 to November 22, 2013.

If you contend that any terms used in this request are vague or overbroad, please produce

14

with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiffs as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiffs' request, including providing any counter-definitions.

55.     All transcripts, video recordings, audio recordings, radio recordings or transmissions, 911/emergency recordings or transmissions, 311 recordings or transmissions, or other audio or visual documentation, including Documents memorializing the same, depicting or relating to the Lewis Homicide Investigation. This request specifically includes:

   a.  All evidentiary and/or autopsy photographs taken in connection with the Lewis Homicide Investigation;
   b.  All photographs, audio, or video presented to any witness during the Lewis Homicide Investigation;
   c.  All photographs, audio, or video used in connection with the prosecution of Alexander Villa, Tyrone Clay, and/or Edgardo Colon; and/or,
   d.  All recordings of and Documents relating to any emergency/911 or 311 calls made at any time on December 29, 2011, regarding any activities within a ten-block radius of the Lewis Homicide.

56.     All Documents related to homicide investigation file maintenance in the period from 2013 through 2023 (i.e., ten years after the Lewis Homicide Investigation). This request includes each and every unit of the Chicago Police Department in which Documents related to homicide investigations are stored or maintained, including but not limited to Chicago Police Headquarters, the Office of Legal Affairs, the Records Division, Detective Division Areas, Gang Crimes, the Special Operations Section, the Evidence and Recovered Property Section (ERPS), the Chicago Crime Lab, and the Identification Section, as well as any storage warehouses, rooms, repositories, or other areas used by any unit of the Chicago Police Department.

57.     All Documents related to homicide investigations in the period from 2013 through 2023 (i.e., ten years after the Lewis Homicide Investigation), where there was any claim of actual or alleged withholding of exculpatory or impeaching information from a criminal defendant. This request includes each and every unit of the Chicago Police Department in which Documents related to homicide investigations are stored or maintained, including but not limited to Chicago Police Headquarters, the Office of Legal Affairs, the Records Division, Detective Division Areas, Gang Crimes, the Special Operations Section, the Evidence and Recovered Property Section (ERPS), the Chicago Crime Lab, and the Identification Section, as well as any storage warehouses, rooms, repositories, or other areas used by any unit of the Chicago Police Department.

58.     All Documents related to any Allegation of Misconduct against any Chicago Police Department officer from 2008 through 2018 alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive, coercive, or torturous methods on suspects, arrestees, or witnesses, use of excessive

15

force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment or suppression of evidence, use of unduly suggestive visual, voice, or clothing identification procedures, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct. This request specifically seeks but is not limited to (a) the date of any Allegation of Misconduct, the type of Allegation of Misconduct, and the result of any investigation or disciplinary proceeding with respect to each such Allegation of Misconduct, and (b) the complete file for each Allegation of Misconduct within the period specified in this request.

59.     All Documents relating to the Lewis Homicide Investigation that Defendants received from or sent to the Chicago Crime Prevention and Information Center and Chicago High Intensity Drug Trafficking Area.

60.     All Documents related to electronic monitoring (pings, electronic records, surveillance, triggerfish, COH/consensual overhear, PEN register, wire taps, etc.) in the Lewis Homicide Investigation.

61.     All Documents related to Police Observation Device Cameras and license plate readers reviewed during the Lewis Homicide Investigation.

62.     All Documents related to any grant money the City or the Chicago Police Department received related to the Lewis Homicide Investigation, Operation Snake Doctor, and/or Operation Snake Pit.

Dated: May 30, 2025                    Respectfully submitted,

                                       **ALEXANDER VILLA, TYRONE CLAY, EDGARDO COLON**

                                       BY:    /s/ Jordan Poole
                                              *One of Plaintiff's Attorneys*

                                              Jon Loevy
                                              Steve Art
                                              Anand Swaminathan
                                              Jordan Poole
                                              LOEVY & LOEVY
                                              311 N. Aberdeen, 3rd Floor
                                              Chicago, Illinois 60607
                                              (312) 243-5900
                                              poole@loevy.com

                                              Jennifer Blagg
                                              1509 W. Berwyn Ave. Suite 201E
                                              Chicago, Illinois 60640

16

(773) 859-0081
jennifer@blagglaw.net

Ashley Cohen
Jennifer Bonjean
Josh Morrison
**BONJEAN LAW GROUP, PLLC**
303 Van Brunt Street, 1st Floor
Brooklyn, NY 11231
Tel. 718-875-1850
ashley@bonjeanlaw.com


Paul K. Vickrey
Patrick F. Solon
Dylan M. Brown
**VITALE  VICKREY  NIRO  SOLON  &
GASEY LLP**
311 S. Wacker Drive, Suite 2470
Chicago, IL 60606
Tel:     (312) 236-0733
dbrown@vvnlaw.com

17

## <u>CERTIFICATE OF SERVICE</u>

I, Jordan Poole, an attorney, hereby certify that on May 30, 2025, I served the foregoing discovery requests on counsel of record via electronic mail.

<u>/s/ Jordan Poole</u>
*One of Plaintiff's Attorneys*