# EXHIBIT 4

## Villa/Clay/Colon: Meet and Confer Requests

---

**Jordan Poole** <poole@loevy.com>                                                    Wed, Aug 27, 2025 at 3:30 PM
To: Kathryn Doi <kdoi@nklawllp.com>
Cc: Warren Fasone <wfasone@nklawllp.com>, Anand Swaminathan <anand@loevy.com>, Steve Art <Steve@loevy.com>, Brian Morris <morris@loevy.com>, Jennifer Blagg <jennifer@blagglaw.net>, Eric Bisby <eric@blagglaw.net>, Kaelyn Ackermann <ackermann@loevy.com>, Emma Logan <logan@loevy.com>, Ashley Cohen <ashley@bonjeanlaw.com>, Josh Morrison <Josh@bonjeanlaw.com>, Dylan Brown <dbrown@vvnlaw.com>, Paul Vickrey <vickrey@vvnlaw.com>, Shneur Nathan <snathan@nklawllp.com>, Avi Kamionski <akamionski@nklawllp.com>, Rebecca Vossmeyer <rvossmeyer@nklawllp.com>

Hi Kathryn,

Thanks to you and Rebecca for speaking with us this morning. I'll recap our conversation below, but please let me know if I've misunderstood anything.

With respect to the City's position regarding the 3500 or so documents it identified in its privilege log, the City is maintaining that all those documents are privileged. Plaintiffs will review the privilege log and get back to the City regarding their position on those documents. Regarding the City's production, the City maintains that it would prefer all parties to identify specific documents that the City will then stamp and provide for use in the case, and that the City would prefer all parties to use their stamped documents, rather than production from elsewhere--such as Plaintiff Villa's forthcoming production. Plaintiffs communicated their concerns about this process but agreed to consider alternative possibilities such as presumptively marking documents confidential. Plaintiffs are amenable to conferring further on this issue, but Court intervention may be necessary.

We also discussed metadata, the City indicated--and Plaintiffs agreed--that we likely have the metadata already since we have the native files. Plaintiffs agreed to provide specific examples for the City to review and the parties agreed to have additional conversations if necessary. The City also agreed to inquire about documents stored in the FileMaker database, as requested in Request for Production No. 3. The City also agreed to provide a draft updated confidentiality order for the parties to review, in order for the City to produce documents responsive to Plaintiffs' RFP Nos. 9 and 29. The City also agreed it would continue to produce complaint registers for the Defendant Officers on a rolling basis. The City also has sent a proposed HIPAA order for Plaintiff Villa to review.

With respect to Plaintiffs' RFP No. 23, the City agreed to inquire whether responsive documents, as discussed during the meet and confer, exist. With respect to Plaintiffs' RFP No. 28, Plaintiffs indicated that they specifically seek documents related to Edgardo Colon, Destiny Rodriguez, Destiny Perez, Rene Vasquez, and Ruben Rodriguez, and their potential status as confidential informants or confidential sources. Plaintiffs indicated there may be additional requests as discovery proceeds for information related to specifica confidential informants/sources. The City indicated it would take the Plaintiffs' position under review.

Finally, with respect to Plaintiffs' RFP No. 30, regarding Daily Major Incident Logs, Plaintiffs have attached an example from the Mims case to this email, as requested. And Plaintiffs agreed to review and revisit their position on Monell discovery in this case, and have further conversations as necessary.

Thanks,
Jordan
[Quoted text hidden]

---

 **Daily Major Incident Log_arrest of Mims.pdf**
72K