# EXHIBIT 5

## Villa/Clay/Colon: Meet and Confer Requests

---

**Jordan Poole** <poole@loevy.com>                                      Mon, Sep 8, 2025 at 5:35 PM
To: Kathryn Doi <kdoi@nklawllp.com>
Cc: Warren Fasone <wfasone@nklawllp.com>, Anand Swaminathan <anand@loevy.com>, Steve Art <Steve@loevy.com>,
Brian Morris <morris@loevy.com>, Jennifer Blagg <jennifer@blagglaw.net>, Eric Bisby <eric@blagglaw.net>, Kaelyn
Ackermann <ackermann@loevy.com>, Emma Logan <logan@loevy.com>, Ashley Cohen <ashley@bonjeanlaw.com>, Josh
Morrison <Josh@bonjeanlaw.com>, Dylan Brown <dbrown@vvnlaw.com>, Paul Vickrey <vickrey@vvnlaw.com>, Shneur
Nathan <snathan@nklawllp.com>, Avi Kamionski <akamionski@nklawllp.com>, Rebecca Vossmeyer
<rvossmeyer@nklawllp.com>

Hi Kathryn,

I hope you had a nice weekend. Plaintiff Villa has the following updates on our position on various issues
discussed during our meet and confer:

After reviewing the privilege log provided for the 3500 or so documents, Plaintiffs believe that a substantial number of
documents have been improperly withheld. As the following examples highlight, we think this self-evident over-designation
supports a motion to compel asking the Court to waive any asserted privilege and order the City to produce all
documents. If the City, however, would like to identify a narrower subset of privileged documents, we are willing to
consider an updated privilege log. But as it stands now, the privilege assertions are far too sweeping--not least because
these documents have already been produced to Plaintiff Villa during the underlying criminal proceedings and any
privilege claim has therefore been waived in its entirety.

For example, Defendant City represents that around a third of the documents are privileged on grounds of "officer
privacy," and/or "personal." To start, this is not a proper privilege designation. And even if it were, the City could redact
identifying information before producing it (or simply mark the documents as "confidential"). Other documents are withheld
on the grounds of a vague "law enforcement privilege." In many instances, it is not clear what these documents are or
what the "law enforcement privilege" is. There are, of course, other issues with the City's privilege designations, in
addition to these two illustrative examples, including improper designation of certain communications as attorney-client
communications. The main problem seems to be, as the City represented at the August 5, 2025 hearing, that some of
these documents contain *confidential* not privileged material. That certainly seems to be the case. As such, please
produce those documents with confidential markings, and identify documents that are specifically being withheld on
grounds of privilege.

With respect to our ongoing discussions about the use and production of documents in this case, Plaintiffs' position is that
Plaintiffs are entitled to use any document produced in this litigation--including documents they have produced, or any
other party has produced--without limitation, pursuant to applicable confidentiality orders. Given the City's expressed
concern about proper confidentiality marking of documents they have produced, Plaintiffs invite the City to identify which
documents in its production should be marked confidential, and if and when Plaintiffs intend to use them in this case,
Plaintiffs will agree to mark them as such--unless Plaintiffs have a disagreement with their marking, at which time the
parties will confer per the confidentiality order. Plus, as ¶ 4 of the District's Model Confidentiality Order explains, the City
could also designate materials as "confidential" at the time of a deposition should those materials be used during a
deposition. Plaintiffs will not agree to a process in which they have to specifically identify documents for the City in
advance of a deposition in order for the City to then stamp the document.

With respect to metadata, we are specifically looking for metadata related to electronic police reports produced in this
litigation, including contact cards (examples attached). We are happy to discuss this further. Plaintiffs also intend to issue
additional *Monell* discovery in the coming days, which we can discuss then.

With respect to the following issues, we await the City's update: 1) documents or data stored in the FileMaker database;
2) a draft confidentiality order; 3) documents regarding prisoner transport (RFP 23); 4) documents related to Edgardo
Colon, Destiny Rodriguez, Destiny Perez, Rene Vasquez, and Ruben Rodriguez, and their potential status as confidential
informants or confidential sources (RFP 28); and 5) daily major incident logs (RFP 30).

Thanks,
Jordan
[Quoted text hidden]

---

**2 attachments**

📄 **ACC003257631_-Contact_Details-_Villa_Alexander (1).pdf**
101K

**ACC000328711_-Contact_Details-Villa_Alexnder (1).pdf**
102K