# EXHIBIT 9

**IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| EDGARDO COLON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 23-CV-16798 |
| | ) | |
| v. | ) | The Honorable Matthew F. Kennelly |
| | ) | |
| ANTHONY F. NORADIN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| TYRONE CLAY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 23-CV-16799 |
| | ) | |
| v. | ) | The Honorable Matthew F. Kennelly |
| | ) | |
| ANTHONY F. NORADIN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ALEXANDER VILLA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 25-CV-01968 |
| | ) | |
| v. | ) | The Honorable Matthew F. Kennelly |
| | ) | |
| ANTHONY NORADIN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**CITY OF CHICAGO'S RESPONSES TO PLAINTIFFS'
JOINT THIRD REQUEST TO PRODUCE DOCUMENTS**

Defendant City of Chicago ("City"), through its attorneys, Nathan & Kamionski LLP, and in compliance with Federal Rule of Civil Procedure 34, hereby responds to Plaintiffs' Joint Third Request to Produce Documents issued by counsel for Plaintiffs Edgardo Colon, Tyrone Clay, and Alexander Villa, and states as follows:

## OBJECTIONS TO PLAINTIFFS' DEFINITIONS AND INSTRUCTIONS

The City incorporates by reference its objections to Plaintiffs' Definitions and Instructions as stated in its responses to Plaintiffs' Joint First Request to Produce Documents issued to All City Defendants.

## REQUESTS FOR PRODUCTION

1.      All Documents relating to the Lewis Homicide Investigation stored within the FileMaker database. This request includes all Documents related to the investigation, arrest, charging, or prosecution of Plaintiffs for the Lewis Homicide, as well as all Documents related to any aspect of the investigation or intelligence gathering that were focused on other possible suspects, and/or gangs to which Plaintiffs or other possible suspects were believed to have belonged.

**ANSWER:** The City objects to Plaintiffs' Joint Third Request No. 1 as vague and ambiguous with regard to the phrase "relating to the Lewis Homicide Investigation stored within the FileMaker database" and therefore as overly broad and unduly burdensome. The City further objects to this request as neither relevant nor proportional to the needs of this case pursuant to Rule 26(b)(1), and not likely to lead to the discovery of admissible evidence. The City further objects to the extent this request improperly calls for or implies that responsive documents or files exist when they do not. Subject to and without waiving its objections, the City produces herewith responsive documents Bates-stamped CITY-COLON-CLAY 016662-016690 and marked as confidential. The City reserves the right to supplement its objections and responses herein if it learns of or discovers additional non-privileged, responsive documents during its review. Investigation continues.

2.      All Documents relating to the Lewis Homicide Investigation created by, reviewed, approved, or otherwise accessed by Gang Investigation Division and/or Gang Enforcement Division personnel. This request includes all Documents related to the investigation, arrest, charging, or prosecution of Plaintiffs for the Lewis Homicide, as well as all Documents related to any aspect of the investigation or intelligence gathering that were focused on other possible suspects, and/or gangs to which Plaintiffs or other possible suspects were believed to have belonged.

2

**ANSWER:** The City objects to Plaintiffs' Joint Third Request No. 2 as vague and ambiguous with regard to the phrase "relating to the Lewis Homicide Investigation," and therefore as overly broad and unduly burdensome. The City further objects to the extent it seeks information outside of the City's knowledge, as this request appears to be tailored to actions taken by individual members of the Gang Investigation Division and/or Gang Enforcement Division, including non-defendants, and is therefore improperly calling for information neither relevant nor proportional to the needs of this case pursuant to Rule 26(b)(1). The City further objects to the extent this request improperly calls for or implies that responsive documents or files exist when they do not. The City further objects to the extent calls for information prohibited from disclosure by federal or state law. The City further objects to the extent documents responsive to this request are either already in Plaintiffs' possession or are otherwise equally available to Plaintiffs.

Subject to and without waiving its objections, the City is currently unaware of any GID or GED personnel who created, approved, reviewed, or accessed any of the detective supplementary reports from the underlying Lewis homicide file (RD No. HT652264). The City has ordered and will produce the I-CLEAR audit trail for each of the underlying detective supplementary reports from RD HT652264 upon receipt. With respect to the remainder of this request, the City directs Plaintiffs to any responsive documents contained in the voluminous document productions already in Plaintiffs' possession from both the criminal and civil cases, including, but not limited to, Plaintiffs' previous document productions, City Defendants' previous document productions, the CCSAO Defendants' previous document productions, criminal court filings, exhibits and transcripts, and the non-privileged email communications produced by Plaintiffs, CPD, CCSAO, and the City. Plaintiff will have an opportunity to conduct depositions to obtain further information on the subject matter of this request. The City reserves the right to supplement its objections and responses herein if it learns of or discovers additional non-privileged, responsive documents during

its review. Investigation continues.

3.      All Area 5 homicide investigation files— including investigative files, permanent retention files, and any other form of running file, working file or street file—for homicide investigations initiated between January 1, 2010 to January 1, 2014.

**ANSWER:** The City objects to Plaintiffs' Joint Third Request No. 3 as overly broad, unduly burdensome, harassing, and nothing more than a fishing expedition that is highly unlikely to lead to the discovery of admissible or even relevant evidence, and therefore further objects to this request as not proportional to the needs of this case pursuant to Rule 26(b)(1). Subject to and without waiving these objections, the City states that this request appears to be discovery on Plaintiffs' *Monell* claims, which were the subject of the City's previous Motions to Bifurcate Trial and Stay Discovery of *Monell* Claim (DOC 150 (Clay), DOC 144 (Colon)). The City further states that it will file an amended motion to bifurcate and stay the proposed discovery on these claims in the consolidated cases.

4.      All Documents relating to all Area 5 homicide investigations from January 1, 2010 to January 1, 2014 stored in the FileMaker database and/or otherwise created by, reviewed, approved, or otherwise accessed by Gang Investigation Division and/or Gang Enforcement Division personnel.

**ANSWER:** The City objects to Plaintiffs' Joint Third Request No. 4 as overly broad, unduly burdensome, harassing, and highly unlikely to lead to the discovery of admissible or even relevant evidence, and therefore further objects to this request as not proportional to the needs of this case pursuant to Rule 26(b)(1). The City further objects to this request as vague, ambiguous, not limited in time or scope, and compound, as it asks for: 1) all Documents "relating to" all such Area 5 homicide investigations stored in the FileMaker database; and 2) all Documents "relating to" all such Area 5 homicide investigations that were "otherwise created by, reviewed, approved or otherwise accessed by" GID and/or GED personnel, without any time frame. The City further objects to the extent this request improperly calls for or implies that responsive documents or files

4

exist when they do not, and thus objects to the extent this request calls for information outside of the City's knowledge or control with regard to alleged actions taken by unknown GIS or GED personnel during an undefined time period. Subject to and without waiving these objections, the City states that this request appears to be discovery on Plaintiffs' *Monell* claims, which were the subject of the City's previous Motions to Bifurcate Trial and Stay Discovery of *Monell* Claim (DOC 150 (Clay), DOC 144 (Colon)). The City further states that it will file an amended motion to bifurcate and stay the proposed discovery on these claims in the consolidated cases.

5. All electronic communications related to all Area 5 homicide investigations from January 1, 2010 to January 1, 2014. This Request specifically requires Defendant City to run electronic searches of Chicago Police Department emails for specific terms including the related RD number, victim name, and charged offender name, for every Area 5 homicide investigation initiated from January 1, 2010 to January 1, 2014.

**ANSWER:** The City objects to Plaintiffs' Joint Third Request No. 5 as incredibly unreasonable, overly broad, unduly burdensome, harassing and nothing more than a fishing expedition that is highly unlikely to lead to the discovery of admissible or even relevant evidence. The City further objects to this request as not at all proportional to the needs of this case pursuant to Rule 26(b)(1), based upon the fact that the total number of pages of emails produced regarding the underlying Lewis homicide investigation <u>alone</u> are over <u>2 million</u>, according to counsel for Plaintiff Villa. This is a fruitless, highly burdensome, and wasteful expenditure to ask of the City for the acquisition of documents, the majority of which have little to no probative value to these cases or to Plaintiffs' *Monell* claims. The City further objects to the extent this request seeks certain documents, communications or information that the U.S. Attorney's Office for the Northern District of Illinois ("USAO") or other federal entity may have determined are protected by federal law and have prohibited CPD from disclosing, and thus further objects to the extent this request seeks information or documents outside of the custody or control of the City. Subject to and without waiving these objections, the City states that this request appears to be discovery on

5

Plaintiffs' *Monell* claims, which were the subject of the City's previous Motions to Bifurcate Trial and Stay Discovery of *Monell* Claim (DOC 150 (Clay), DOC 144 (Colon)). The City further states that it will file an amended motion to bifurcate and stay the proposed discovery on these claims in the consolidated cases.

6.      All Documents related to Confidential RD numbers from January 1, 2010 to January 1, 2014, including but not limited to Documents related to buy/bust operations with addresses listed as 99 S. Confidential or 00 S. Confidential.

**ANSWER:** The City objects to Plaintiffs' Joint Third Request No. 6 as overly broad, unduly burdensome, harassing and nothing more than a fishing expedition into other federal/CPD confidential joint task force operations, and is highly unlikely to lead to the discovery of admissible or even relevant evidence. As such, the City objects to this request as not proportional to the needs of this case pursuant to Rule 26(b)(1). The City further objects to the extent this request seeks certain documents, items or information that the U.S. Attorney's Office for the Northern District of Illinois ("USAO") or other federal entity may have determined are protected by federal law and have prohibited CPD from disclosing, and thus further objects to the extent this request seeks information or documents outside of the custody or control of the City. Subject to and without waiving these objections, the City states that this request appears to be discovery on Plaintiffs' *Monell* claims, which were the subject of the City's previous Motions to Bifurcate Trial and Stay Discovery of *Monell* Claim (DOC 150 (Clay), DOC 144 (Colon)). The City further states that it will file an amended motion to bifurcate and stay the proposed discovery on these claims in the consolidated cases.

Dated: October 10, 2025

Respectfully submitted,

CITY OF CHICAGO

By: */s/ Kathryn M. Doi*
Special Assistant Corporation Counsel

Shneur Z. Nathan

Avi Kamionski
Kathryn M. Doi
Warren Fasone
Nathan & Kamionski LLP
206 S. Jefferson Street
Chicago, IL 60661
kdoi@nklawllp.com
wfasone@nklawllp.com