# EXHIBIT 12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALEXANDER VILLA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25 cv 01968 |
| v. | ) | |
| | ) | |
| ANTHONY NORADIN, SAMUEL CIRONE, WILLIAM | ) | Honorable Judge Matthew F. Kennelly |
| BROGAN, DENIS WALSH, JOEL KELLER, JOHN | ) | |
| GRAHAM, ALBERT PEREZ, DONALD FALK, JAMES | ) | |
| GILGER, JOHN HILLMAN, TIMOTHY MCDERMOTT, | ) | |
| MARC LEAVITT, HECTOR ALVAREZ, JOHN FOLINO, | ) | |
| MAURIZIO INZERRA, DEMOSTHEN BALODIMAS, | ) | |
| GARY YAMASHIROYA, CHRISTOPHER KENNEDY, | ) | |
| JAMES SANCHEZ, MATTHEW CLINE, CHARLES | ) | |
| DALY, ED ZABLOCKI, GERRY MCCARTHY, | ) | |
| NICHOLAS ROTI, JOSEPH GORMAN, SCOTT | ) | |
| DEDORE, MICHAEL DYRA, MICHAEL NUNEZ, JOEL | ) | |
| BEMIS, SCOTT KORHONEN, JOHN ESCALANTE, LEO | ) | |
| SCHMITZ, SHEAMUS FERGUS, ROBERT BARTIK, | ) | |
| RICHARD GREEN, NICHOLAS SPANOS, the CITY OF | ) | |
| CHICAGO, FRANCO DOMMA, NANCY ADDUCI, | ) | |
| ANDREW VARGA, JOHN BRASSIL, and COOK | ) | |
| COUNTY, DON GUILIANO, the VILLAGE of | ) | |
| FRANKLIN PARK, | ) | |
| | ) | |
| Defendants. | ) | |

**PROOF OF SERVICE**

TO: ALL COUNSEL OF RECORD

PLEASE TAKE NOTICE that on August 12, 2025, the undersigned caused a copy of *Defendant Officer Don Guiliano's Answers to Plaintiff's Interrogatories, Defendant Village of Franklin Park's Answers to Plaintiff's Interrogatories,* and *Defendant Officer Don Giuliano's and Defendant Village of Franklin Park's Response to Plaintiff's Request to Produce* to be served on the parties listed above via electronic mail.

Thomas J. Condon, Jr. (6276438)
John P. Wise (6238380)
MONTANA & WELCH, LLC
11950 South Harlem Avenue, Suite 102
Palos Heights, IL 60463
(708) 448-7005
tcondon@montanawelch.com
jwise@montanawelch.com

Respectfully submitted,
Defendants Village of Franklin Park,
and Officer Don Giuliano

By: */s/ Thomas J. Condon, Jr.*
    One of Defendants' Attorneys

## SERVICE LIST

**Attorneys for Plaintiff, Alexander Villa:**
Jonathan I. Loevy, Anand Swaminathan, Steven E. Art, Jordan Poole
Loevy & Loevy, 311 N. Aberdeen, 3rd FL, Chicago, IL 60607
jon@loevy.com; anand@loevy.com; poole@loevy.com;
motter@loevy.com; morris@loevy.com; steve@loevy.com

Jennifer Lynne Blagg, Eric Mason Bisby
Blagg Law, 1509 W. Berwyn Ave., Suite 201E, Chicago, IL 60640
jennifer@blagglaw.net; eric@blagglaw.net

**Attorneys for Defendant City of Chicago Officers:**
Steven B. Borkan, Timothy P. Scahill, Emily E. Schnidt, Misha
Itchhaporia, Amanda C. Guertler, Drew Wycoff, Graham P. Miller
Borkan & Scahill, Ltd.,20 S Clark St., Suite 1700, Chicago, IL 60603
sborkan@borkanscahill.com; tscahill@borkanscahill.com;
eschnidt@borkanscahill.com; mitchhaporia@borkanscahill.com;
aguertler@borkanscahill.com; dwycoff@borkanscahill.com;
elena@borkanscahill.com; gmiller@borkanscahill.com

**Attorneys for Defendant John Dillon, John Brassil, Franco Domma:**
James M. Lydon, Danielle Mikhail, Matthew R. Howroyd, Michael C. Stephenson,
Bill Bazarek Hinshaw & Culberston LLP, 151 N. Franklin St., Suite 2500. Chicago,
IL 60606 jlydon@hinshawlaw.com; dmikhail@hinshawlaw.com;
mhowroyd@hinshawlaw.com; mstephenson@hinshawlaw.com;
wbazarek@hinshawlaw.com;

**Attorneys for Defendant Andrew Varga, Nancy Adduci:**
Kenneth M. Battle, Michele J. Braun, Terrie Sullivan
O'Connor & Battle P.C, 111 W. Jackson Blvd, Ste 1700. Chicago, IL 60604
kbattle@mokblaw.com; mbraun@mokblaw.com; tsullivan@mokblaw.com;
ljackson@mokblaw.com

**Attorneys for Defendant City of Chicago:**
Avi T. Kamionski, Kathryn M. Doi, Shneur Z. Nathan, Warren Fasone,
Ashley Brody Nathan & Kamionski, 206 S. Jefferson St., Chicago, IL
60661
akamionski@nklawllp.com; kdoi@nklawllp.com; snathan@nklawllp.com;
jalcala@nklawllp.com; wfasone@nklawllp.com; abrody@nklawllp.com;

**Attorneys for Cook County:**
Joseph Hodal
500 Richard J. Daley Center, Chicago, IL
60602 Joseph.hodal@cookcountysao.org;

**<u>Attorneys for Cook County State's Attorney's Office:</u>**
William B. Oberts, Kevin C. Kirk
Oberts Galasso Law Group. 181 W. Madison St., Suite 4700, Chicago, IL 60602
wboberts@obertsgalasso.com; docket@obertsgalasso.com; kckirk@obertsgalasso.com;

**<u>Attorneys for Defendant, Gerry McCarthy:</u>**
Eric S. Palles, Lawrence S. Kowalczyk, Megan Kathleen
Monaghan  Mohan Groble Scolaro, P.C., 55 W. Monroe, Suite
1600, Chicago, IL 60603
epalles@mohangroble.com;  lkowalczyk@mohangroble.com;  mmonaghan@mohangroble.com

**<u>Attorneys for Don Guiliano & Village of Franklin Park:</u>**
Thomas J. Condon , Jr
Montana & Welch, LLC, 11950 S. Harlem Ave., Ste 102, Palos Heights, IL 60463
tcondon@montanawelch.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALEXANDER VILLA, ) | |
| ) | |
| Plaintiff, ) | Case No. 25 cv 01968 |
| v. ) | |
| ) | |
| ANTHONY NORADIN, SAMUEL CIRONE, WILLIAM ) | Honorable Judge Matthew F. Kennelly |
| BROGAN, DENIS WALSH, JOEL KELLER, JOHN ) | |
| GRAHAM, ALBERT PEREZ, DONALD FALK, JAMES ) | |
| GILGER, JOHN HILLMAN, TIMOTHY MCDERMOTT, ) | |
| MARC LEAVITT, HECTOR ALVAREZ, JOHN FOLINO, ) | |
| MAURIZIO INZERRA, DEMOSTHEN BALODIMAS, ) | |
| GARY YAMASHIROYA, CHRISTOPHER KENNEDY, ) | |
| JAMES SANCHEZ, MATTHEW CLINE, CHARLES ) | |
| DALY, ED ZABLOCKI, GERRY MCCARTHY, ) | |
| NICHOLAS ROTI, JOSEPH GORMAN, SCOTT ) | |
| DEDORE, MICHAEL DYRA, MICHAEL NUNEZ, JOEL ) | |
| BEMIS, SCOTT KORHONEN, JOHN ESCALANTE, LEO ) | |
| SCHMITZ, SHEAMUS FERGUS, ROBERT BARTIK, ) | |
| RICHARD GREEN, NICHOLAS SPANOS, the CITY OF ) | |
| CHICAGO, FRANCO DOMMA, NANCY ADDUCI, ) | |
| ANDREW VARGA, JOHN BRASSIL, and COOK ) | |
| COUNTY, DON GUILIANO, the VILLAGE of ) | |
| FRANKLIN PARK, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT OFFICER DON GIULIANO'S
ANSWER TO PLAINTIFF'S INTERROGATORIES**

NOW COMES the Defendant, OFFICER DON GIULIANO, by and through his

attorneys of record, MONTANA & WELCH, LLC, and hereby submits the following answers

to Plaintiff's Interrogatories:

**PRELIMINARY STATEMENT**

The investigation and development of all facts and circumstances relating to this action are

ongoing. These responses and objections are made without prejudice to, and are not a waiver of,

Defendant's right to rely on other facts or documents at trial.

1

By making the accompanying responses and objections, Defendant does not waive, and hereby expressly reserves, their right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Defendant makes the objections herein without in any way implying that it considers the Requests, and responses to them, to be relevant or material to the subject matter of this action.

Defendant expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental or amended response(s).

Discovery in this litigation is not complete, and Defendant has not completed the factual investigation, discovery, or trial preparation. Therefore, Defendant reserves the right to rely on any facts, documents, or other evidence which may be developed or subsequently come to its attention, and to supplement or amend these objections as additional information becomes known to it.

## INTERROGATORIES

1.      Under oath, please identify by name and address all Persons who, to the best of Your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in the parties' Rule 26(a)(1) Initial Disclosures. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims and defenses in this action, including all categories of facts about which the Person may be competent to testify at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any categories of facts known to any witness relating to the claims or defense in this action that are not reflected in the Documents that you reference; in the event that you fail to do so, Plaintiff will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

**ANSWER:    None other than those disclosed in Defendants' Initial 26(a)(1) Disclosures.**

2.      Under oath, please identify all Complaints that have ever been made against you

2

relating to your role as a law enforcement official (including Plaintiff's Complaint or any Complaints which presently remain pending), including but not limited to any and all internal affairs, OPS, IPRA, COPA, intra- or inter-departmental, and citizen complaints alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive, coercive, or torturous methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment or suppression of evidence, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct. A complete answer to this Interrogatory will include, but is not limited to, the following information: (1) the date of each Complaint; (2) a detailed description of the nature of each Complaint; (3) an identifying number of each Complaint; and (4) how each Complaint was resolved, including whether you provided any statements relating to the Complaint and whether you were disciplined in connection with the Complaint. If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.

**ANSWER:   On May 3, 2011, this defendant was the subject of complaints that alleged the use of excessive force and unlawful search.   The complaints were assigned Internal Investigation #11-01 and 11-02.   The complaint was investigated, and this defendant was classified as "exonerated". This defendant was not disciplined. This defendant was named in Flores v. Donald Giuliano, et. al., filed in the Northern District of Illinois on January 10, 2012, and docketed as case No. 12-cv-00162.  Flores asserted claims of excessive force, state law claims of battery, unreasonable search and seizure, and malicious prosecution. Summary judgment was granted as to the claims of excessive force, state law claims of battery, and malicious prosecution.  The remaining claims were resolved via settlement.  This defendant was not disciplined in connection with the lawsuit.  During the lawsuit, this defendant appeared for a deposition.  This defendant was named in Gillette v. Donald Giuliano, et. al., filed in the northern District of Illinois on August 26, 2013, and docketed as case No. 13-cv-06067.  Gillette asserted claims of false arrest, unconstitutional search and seizure, unlawful detention, and malicious prosecution.  This defendant was not disciplined in connection with the lawsuit.  The lawsuit was resolved via settlement.   This defendant does not recall making any statements regarding the allegations and was not deposed. On April 3, 2015, this defendant was the subject of a complaint for acting disorderly toward the complainant.  No action was taken. On December 2, 2022, this defendant was the subject of a complaint for acting disorderly toward the complainant. The complaint was assigned Internal Investigation #22-04.  The complaint was investigated and classified as "not sustained."  This defendant was not disciplined. On July 5, 2023, this defendant was the subject of a complaint for acting disorderly toward the complainant. The complaint was investigated, and this defendant was classified as "exonerated".   As it relates to that complaint, this defendant was found to have violated the department's smoking policy.**

3.      Under oath, please identify every Communication that you have had about any of the allegations, events, or circumstances described in Plaintiff's Complaint with any Person, including but not limited to Plaintiff, Tyrone Clay, Edgardo Colon, Melvin DeYoung, Destiny Perez, Destiny Rodriguez, Ruben Rodriguez, Yadira DeYoung, Monica Rivera, Israel Velez, Rene Vasquez, and Nicholas Owens, and all witnesses listed on the parties' Rule 26(a)(1) disclosures, the other Individual Defendants, or any other employee or agent of the City of Chicago, the Village of Franklin Park, the Cook County Sheriff's Office, the Cook County State's Attorney's Office, any other prosecutor or law enforcement authority, or any witness to the events described

3

in Plaintiff's Complaint. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please state under oath that the sum total of Communications responsive to this Interrogatory are contained in the Documents that you reference.

**ANSWER:** **This Defendant spoke with Destiny Rodriguez on March 11, 2013, the substance of the interaction is memorialized in in the Franklin Park Police Incident Report # 201300005362 which was contained in Defendants' Initial 26(a)(1) Disclosures. On other various unknown dates and times this defendant spoke with Destiny Rodriguez regarding her meeting with City of Chicago police officers and appearing for the trial of Plaintiff. On various unknown dates and times this defendant spoke with City of Chicago police officers and Cook County State's attorney regarding meeting with Destiny Rodriguez and appearing for the trial of Plaintiff.**

4.      Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the Person who has been convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that Your duty to supplement Your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**ANSWER:** **None known to this Defendant.**

5.      Identify all facts and witnesses that tend to make it more likely than not that Plaintiff was involved in the Lewis Homicide.

**ANSWER:** **The statement of witness, Destiny Rodriguez, which is memorialized in the Franklin Park Police Incident Report # 201300005362 which was provided in Defendants' Initial 26(a)(1) Disclosures.**

6.      To your knowledge, did any Person (including you) use any act of violence, threat of violence, any other threat of any kind, or any promise of leniency at any time during any Communication with Plaintiff, Tyrone Clay, Edgardo Colon, Melvin DeYoung, Destiny Perez, Destiny Rodriguez, Ruben Rodriguez, Yadira DeYoung, Monica Rivera, Israel Velez, Rene Vasquez, and Nicholas Owens, and all witnesses listed on the parties' Rule 26(a)(1) disclosures? If the answer to this question is anything other than an unqualified "no," please describe the act of violence, threat of violence, other threat, or promise of leniency, including the Persons involved in that act of violence, threat of violence, other threat, or promise of leniency, and all circumstances of that act of violence, threat of violence, other threat, or promise of leniency.

**ANSWER:** **No.**

7.      For any affirmative defenses that you have asserted or will assert in this matter (for example, failure to mitigate damages or qualified or absolute immunity), please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical,

4

documentary, or testimonial evidence that supports each such defense. The information sought by this interrogatory is not a mere recitation of the statutory sections, case law, or common law invoked in the defense. Plaintiff requests that you provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests.

**ANSWER:** **This defendant objects to this interrogatory on the basis that it is overly broad and unduly burdensome because it asks him to provide a detailed description of the entire factual basis for each of his defenses, including the identity of all witnesses and evidence that support each defense. Subject to and without waiving the foregoing objections, this defendant refers plaintiff to the facts set forth in his affirmative defenses.**

8. For punitive damages purposes, please estimate your net financial worth. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities. Please also provide an income statement for the five years prior to the filing of this complaint, including your annual salary and any income from any other source for those years.

**ANSWER: This Defendant objects to this interrogatory as it is premature.  It seeks private information that is irrelevant and is not proportional to the needs of the case. Plaintiff's allegations against this defendant are boilerplate and do not support punitive damages. This defendant's privacy interest outweighs any speculative relevance.**

9. Did You or any other Person involved in the Lewis Homicide Investigation act inconsistently with any of the policies, customs, or practices (formal or informal, written or unwritten) of the City of Chicago or the Chicago Police Department, as you understand them, at any point during the Lewis Homicide Investigation, as described in Plaintiff's Complaint? This includes during any interactions with other Individual Defendants or officers, or during any interactions with Plaintiff. If your answer is anything other than an unqualified "no," please: (a) identify any particular policy, custom, or practice which, to your knowledge was violated and by whom; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

**ANSWER:** **This defendant is unaware of the policies, customs, or practices (formal or informal, written or unwritten) of the City of Chicago or the Chicago Police Department, and therefore cannot opine.**

10. Please state with specificity each activity, action, or investigative task that you participated in during the Lewis Homicide Investigation. For each activity, action, or task, please describe the Person, if any, who assigned you each activity, action, or task and the Person to whom you reported for each activity, action, or task. Please note that the scope of this Interrogatory includes both the initial investigation of the Lewis Homicide —including but not limited to the investigation at the scene, interviews with and statements of witnesses or suspects, any purported identifications of Alexander Villa, the interrogation of Plaintiff Edgardo Colon, Plaintiff Tyrone Clay, and Melvin DeYoung, and dozens of other witnesses, and the arrest and charging of Plaintiff—and any subsequent investigation that took place following the interrogation and charging of Plaintiff, including any acts leading up to and during his criminal trial and appeal, and

5

any steps undertaken at any time after his conviction was overturned, up to and including the present day. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your participation in Lewis Homicide Investigation is described in the Documents that you reference.

**ANSWER:** **This defendant objects to this interrogatory on the basis that it assumes that he participated in the Lewis Homicide Investigation. This defendant further states that that he did not participate in any "investigative task" as he understands that term. Subject to and without waiving the foregoing objections, this Defendant spoke with Destiny Rodriguez on March 11, 2013, the substance of the interaction is memorialized in in the Franklin Park Police Incident Report # 201300005362 which was contained in Defendants' Initial 26(a)(1) Disclosures. On other various unknown dates and times this defendant spoke with Destiny Rodriguez regarding her meeting with City of Chicago police officers and appearing for the trial of Plaintiff.**

11. Did you maintain any personal notes, personal emails, or personal files relating to the Lewis Homicide Investigation or any suspects or witnesses in the investigation? If the answer to this question is anything other than an unqualified "no," please describe the contents of your notes or files with sufficient particularity to enable a production request for all such notes or files. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your personal notes and personal files relating to the Lewis Homicide Investigation is contained in the Documents that you reference.

**ANSWER:** **No.**

12. Is it Your position that at any point there was probable cause to support Plaintiff's arrest, charging, indictment, or prosecution for the Lewis Homicide? If so, please provide the complete factual basis upon which probable cause existed at the time of Plaintiff's: (a) arrest, (b) charging, (c) indictment, and (d) criminal trial. If it is Your contention that probable cause existed at one point and then no longer existed at a later point, please state so clearly in your answer.

**ANSWER:** **No.**

13. Did you withhold from Alexander Villa any Exculpatory Evidence of which you were aware prior to the dismissal of charges against him on October 2, 2024? If your answer to this question is anything other than an unqualified "no," please state when you became aware of such Exculpatory Evidence and describe each such piece of Exculpatory Evidence, providing sufficient detail so that additional discovery requests can be served.

**ANSWER:** **No.**

14. Please identify each Chicago Police Department file that has ever existed relating to the Lewis Homicide Investigation or RD No. HT625369 and for each such file identify by Bates Number or otherwise describe: (a) every Document that was associated with the file as of the date of Plaintiff's arrest; (b) every Document that was associated with the file as of the date of Plaintiff's criminal trial; (c) every Document that was associated with the file as of the date of Plaintiff's exoneration (October 2, 2024); (d) every Document that is associated with the file as

6

of today's date; (e) every Document that was associated with the file at any time in the past but which is no longer in the file; (f) every Document that was provided to state prosecutors before Plaintiff's criminal conviction; and (g) every Document that was provided to Plaintiff or his attorneys before Plaintiff's criminal conviction.

**ANSWER:  This defendant has no knowledge regarding the City of Chicago Police Department files relating to the Lewis Homicide Investigation or RD No. HT625369.**

15.     For any Document requested in Plaintiff's discovery requests which has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

**ANSWER:  This Defendant is unaware of any document that requested being lost, stolen, or destroyed.**

16.     Do you contend that Plaintiff (and/or any of Plaintiff's family members, friends, counsel, agents, or representatives, while acting on his behalf) committed any acts, omissions, or wrongdoing that caused or contributed to, in any way, Plaintiff's incarceration for the Lewis Homicide? If so, please, describe the complete factual basis supporting your contention and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports your contention. In answering this Interrogatory, please list all steps taken to discover documents that have been lost, discarded or destroyed, and the names of the individuals who took those steps.

**ANSWER:  No.**

|  | Respectfully submitted, |
| --- | --- |
| Thomas J. Condon, Jr. (6276438) | Defendants Village of Franklin Park, |
| John P. Wise (6238380) | and Officer Don Giuliano |
| MONTANA & WELCH, LLC | |
| 11950 South Harlem Avenue, Suite 102 | By: */s/ Thomas J. Condon, Jr.* |
| Palos Heights, IL 60463 | One of Defendants' Attorneys |
| (708) 448-7005 | |
| tcondon@montanawelch.com | |
| jwise@montanawelch.com | |

7

## **VERIFICATION**

I, Donald V. Giuliano, believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief.
I verify under penalty of perjury that the forgoing is true and correct.

Dated: August 4, 2025                              /s/ *Donald V. Giuliano*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ALEXANDER VILLA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25 cv 01968 |
| v. | ) | |
| | ) | |
| ANTHONY NORADIN, SAMUEL CIRONE, WILLIAM | ) | Honorable Judge Matthew F. Kennelly |
| BROGAN, DENIS WALSH, JOEL KELLER, JOHN | ) | |
| GRAHAM, ALBERT PEREZ, DONALD FALK, JAMES | ) | |
| GILGER, JOHN HILLMAN, TIMOTHY MCDERMOTT, | ) | |
| MARC LEAVITT, HECTOR ALVAREZ, JOHN FOLINO, | ) | |
| MAURIZIO INZERRA, DEMOSTHEN BALODIMAS, | ) | |
| GARY YAMASHIROYA, CHRISTOPHER KENNEDY, | ) | |
| JAMES SANCHEZ, MATTHEW CLINE, CHARLES | ) | |
| DALY, ED ZABLOCKI, GERRY MCCARTHY, | ) | |
| NICHOLAS ROTI, JOSEPH GORMAN, SCOTT | ) | |
| DEDORE, MICHAEL DYRA, MICHAEL NUNEZ, JOEL | ) | |
| BEMIS, SCOTT KORHONEN, JOHN ESCALANTE, LEO | ) | |
| SCHMITZ, SHEAMUS FERGUS, ROBERT BARTIK, | ) | |
| RICHARD GREEN, NICHOLAS SPANOS, the CITY OF | ) | |
| CHICAGO, FRANCO DOMMA, NANCY ADDUCI, | ) | |
| ANDREW VARGA, JOHN BRASSIL, and COOK | ) | |
| COUNTY, DON GUILIANO, the VILLAGE of | ) | |
| FRANKLIN PARK, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT VILLAGE OF FRANKLIN PARK'S
ANSWER TO PLAINTIFF'S INTERROGATORIES**

NOW COMES the Defendant, VILLAGE OF FRANKLIN PARK, by and through its

attorneys of record, MONTANA & WELCH, LLC, and hereby submits the following answers

to Plaintiff's Interrogatories:

**PRELIMINARY STATEMENT**

The investigation and development of all facts and circumstances relating to this action are

ongoing. These responses and objections are made without prejudice to, and are not a waiver of,

Defendant's right to rely on other facts or documents at trial.

1

By making the accompanying responses and objections, Defendant does not waive, and hereby expressly reserves, their right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Defendant makes the objections herein without in any way implying that it considers the Requests, and responses to them, to be relevant or material to the subject matter of this action.

Defendant expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental or amended response(s).

Discovery in this litigation is not complete, and Defendant has not completed the factual investigation, discovery, or trial preparation. Therefore, Defendant reserves the right to rely on any facts, documents, or other evidence which may be developed or subsequently come to its attention, and to supplement or amend these objections as additional information becomes known to it.

## **INTERROGATORIES**

1.      Please identify all Persons who, to the best of Your understanding, have knowledge of facts that relate to any of the claims or defenses in this action. This request is not limited to those Persons listed in the Parties' mandatory initial discovery responses. For each Person with knowledge responsive to this interrogatory, please describe with particularity any categories of facts known by each such Person, including all categories of facts about which the Person may be competent to testify at trial. If this Interrogatory is answered by incorporating documents, please state under oath whether there are any categories of facts known to any witness relating to the claims or defenses in this action that are not reflected in the documents upon which you rely; in the event you fail to do so, Plaintiff will assume the substance of the witnesses' testimony is strictly limited to what is contained in such documents.

**ANSWER:    None other than those disclosed in Defendants' Initial 26(a)(1) Disclosures**

2

2. Under oath, please identify all Complaints that have ever been made against any of the Defendant Officers relating to their roles as law enforcement officials (including Plaintiff's Complaint or any Complaints which presently remain pending), including but not limited to any and all internal affairs, OPS, IPRA, COPA , intra- or inter-departmental, and citizen complaints alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive, coercive, or torturous methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment or suppression of evidence, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct. A complete answer to this Interrogatory will include, but is not limited to, the following information: (1) the date of each Complaint; (2) a detailed description of the nature of each Complaint; (3) an identifying number of each Complaint; and (4) how each Complaint was resolved, including any discipline imposed in connection with each Complaint. If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.

**ANSWER: On May 3, 2011, Officer Giuliano was the subject of complaints that alleged the use of excessive force and unlawful search. The complaints were assigned Internal Investigation #11-01 and 11-02. The complaint was investigated, and this defendant was classified as "exonerated". This defendant was not disciplined. Officer Giuliano was named in Flores v. Donald Giuliano, et. al., filed in the Northern District of Illinois on January 10, 2012, and docketed as case No. 12-cv-00162. Flores asserted claims of excessive force, state law claims of battery, unreasonable search and seizure, and malicious prosecution. Summary judgment was granted as to the claims of excessive force, state law claims of battery, and malicious prosecution. The remaining claims were resolved via settlement. Officer Giuliano was not disciplined in connection with the lawsuit. During the lawsuit, this defendant appeared for a deposition. Officer Giuliano was named in Gillette v. Donald Giuliano, et. al., filed in the northern District of Illinois on August 26, 2013, and docketed as case No. 13-cv-06067. Gillette asserted claims of false arrest, unconstitutional search and seizure, unlawful detention, and malicious prosecution. Officer Giuliano was not disciplined in connection with the lawsuit. The lawsuit was resolved via settlement. This defendant does not recall making any statements regarding the allegations and was not deposed. On April 3, 2015, Officer Giuliano was the subject of a complaint for acting disorderly toward the complainant. No action was taken. On December 2, 2022, Officer Giuliano was the subject of a complaint for acting disorderly toward the complainant. The complaint was assigned Internal Investigation #22-04. The complaint was investigated and classified as "not sustained." Officer Giuliano was not disciplined. On July 5, 2023, Officer Giuliano was the subject of a complaint for acting disorderly toward the complainant. The complaint was investigated, and Officer Giuliano was classified as "exonerated". As it relates to that complaint, Officer Giuliano was found to have violated the department's smoking policy.**

3. Under oath, please identify every Communication that any of your employees or agents had about any of the allegations, events, or circumstances described in Plaintiff's Complaint with any Person. This request includes but is not limited to Communications with Ruben Rodriguez, Yadira DeYoung, Monica Rivera, Israel Velez, Rene Vasquez, and Nicholas Owens, and all witnesses listed on the parties' Rule 26(a)(1) disclosures, the Individual Defendants, or any other employee or agent of the City of Chicago, the Village of Franklin Park, the Cook County Sheriff's Office, the Cook County State's Attorney's Office, any other

3

prosecutor or law enforcement authority, or any witness to the events described in Plaintiff's Complaint. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please state under oath that the sum total of Communications responsive to this Interrogatory are contained in the Documents that you reference.

**ANSWER: Officer Giuliano spoke with Destiny Rodriguez on March 11, 2013, the substance of the interaction is memorialized in in the Franklin Park Police Incident Report # 201300005362 which was contained in Defendants' Initial 26(a)(1) Disclosures.**

4. Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the witness who has been convicted and the nature of the conviction and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that Your duty to supplement Your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**ANSWER: None known to this defendant.**

5. For any affirmative defenses that You have asserted or will assert in this matter (for example, failure to mitigate damages or qualified or absolute immunity), please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. The information sought by this interrogatory is not a mere recitation of the statutory sections, case law, or common law invoked in the defense. Plaintiff requests that you provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests.

**ANSWER: This defendant objects to this interrogatory on the basis that it is overly broad and unduly burdensome because it asks him to provide a detailed description of the entire factual basis for each of his defenses, including the identity of all witnesses and evidence that support each defense. Subject to and without waiving the foregoing objections, this defendant refers plaintiff to the facts set forth in his affirmative defenses**

6. Is it your position that at any point there was probable cause to support Plaintiff's arrest, charging, indictment, or prosecution for the Lewis Homicide? If so, please provide the complete factual basis upon which probable cause existed at the time of Plaintiff's: (a) arrest, (b) charging, (c) indictment, and (d) criminal trial. If it is your contention that probable cause existed at one point and then no longer existed at a later point, please state so clearly in your answer.

**ANSWER: No.**

7. To Your knowledge, did any Person (including any of the Defendant Officers) use any act of violence, threat of violence, any other threat of any kind, or any promise of leniency at any time during any interview or interrogation of Plaintiff, Tyrone Clay, Edgardo Colon, Melvin DeYoung, Destiny Perez, Destiny Rodriguez, Ruben Rodriguez, Yadira DeYoung, Monica Rivera,

4

Israel Velez, Rene Vasquez, and Nicholas Owens, and all witnesses listed on the parties' Rule 26(a)(1) disclosures? If the answer to this question is anything other than an unqualified "no," please describe the act of violence, threat of violence, other threat, or promise of leniency, including the Persons involved in that act of violence, threat of violence, other threat, or promise of leniency, and all circumstances of that act of violence, threat of violence, other threat, or promise of leniency.

**ANSWER: No.**

8.      Did any of your employees or agents withhold from Alexander Villa any Exculpatory Evidence prior to the dismissal of charges against him in October 2024? If your answer to this question is anything other than an unqualified "no," please describe each such piece of Exculpatory Evidence, providing sufficient detail so that additional discovery requests can be served.

**ANSWER: No.**

9.      If any Document requested in Plaintiff's discovery requests has been lost, discarded or destroyed, please identify each such Document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for losing, discarding, or destroying the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it. In answering this Interrogatory, please list all steps taken to discover documents that have been lost, discarded or destroyed, and the names of the individuals who took those steps.

**ANSWER: None known to this Defendant.**

10.      Do You contend that Plaintiff (and/or any of Plaintiff's family members, friends, counsel, agents, or representatives, while acting on his behalf) committed any acts, omissions, or wrongdoing that caused or contributed to, in any way, Plaintiff's incarceration for the Lewis Homicide? If so, please, describe the complete factual basis supporting Your contention and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports Your contention.

**ANSWER: No.**

*For Defendant City of Chicago only:*

11.      Did any of the Defendant Officers or any other Person involved in the Investigation of the Lewis Homicide act inconsistently with any of the policies, customs, or practices (formal or informal, written or unwritten) of the City of Chicago or the Chicago Police Department at any time during the Lewis Homicide Investigation, as described in Plaintiff's Complaint? This includes during any interactions between Defendant Officers and Plaintiff, other officers, or witnesses. If your answer is anything other than an unqualified "no," please: (a) identify any particular policy, custom, or practice which was violated and by whom; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

5

**ANSWER:** **This interrogatory does not apply to this defendant.**

13. Do You contend that the City of Chicago or the Chicago Police Department had a written policy, procedure, or training program in place during the Lewis Homicide Investigation that applied to police officers, detectives, or investigators on any of the following subjects:

a. documenting or memorializing the various developments in an investigation in such a way that they would become part of the official file as the investigation proceeded, and filing, retaining, storing, or destroying police investigative material, including witness statements, reports, and notes, during the course of an investigation;

b. conducting, documenting, or memorializing photo or in-person lineups, show-ups, clothing line-ups, or any other type of identification procedures, including for adults and juveniles;

c. conducting, documenting, memorializing or recording interviews, questioning, or interrogations of witnesses, including of juvenile witnesses;

d. using incentivized accusers and/or jailhouse informants in criminal investigations;

e. disclosing exculpatory evidence to suspects, criminal defendants, or prosecutors, including through the subpoena response unit;

f. providing, qualifying for, authorizing, and/or documenting overtime hours and/or overtime compensation, including for detectives;

g. reporting, investigating, identifying, tracking, or reviewing rates by which detectives clear or close investigations, including homicide investigations;

h. reporting, investigating, identifying, tracking, or reviewing allegations of officer misconduct, and/or,

i. disciplining or supervising police officers who engage in misconduct.

If You so contend, please identify each of the written policies or procedures by Bates Number and identify the policymaker(s) who were responsible for or who had final policymaking authority for those policies or procedures from 2008 through 2013. To be clear, this Interrogatory seeks the identity of any and all such City policymakers with final or delegated policymaking authority whose knowledge or actions the Defendants will allege at summary judgment or trial are relevant to Plaintiff's claims regarding the City's liability for its alleged policies and practices.

**ANSWER:** **This defendant has no knowledge of Chicago Police Department's policies, practices, and training programs requested in this interrogatory.**

14. Please identify and describe every instance between 2008 and 2013 in which the policymaker(s) identified in Interrogatory No. 13, above, undertook to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any of the policies or procedures identified in Interrogatory No. 13, above. Please include what steps, if any, were taken in response to the information obtained through any such inquiry, investigation, review or analysis, as well as the date such steps were taken.

**ANSWER:** **This defendant has no knowledge of Chicago Police Department's policies, practices, and training programs requested in this interrogatory.**

6

15.     Please identify and describe any and all changes made between 2008 and 2013 to the Chicago Police Department's policies, practices, and training programs relating to any of the policies or procedures identified in Interrogatory No. 13, above. For each such change, if any, please describe how Chicago Police Department employees or agents were made aware of the changes identified above, including but not limited to how they were informed of the new policies and the dates on which all steps were taken to inform the officers of the policy change.

**ANSWER:     This defendant has no knowledge of Chicago Police Department's policies, practices, and training programs requested in this interrogatory.**

16.     Please Identify each instance between 2008 and 2013 in which any Chicago Police Officer received any discipline (formal or informal) imposed by the City of Chicago for violating any of the policies and procedures identified in Interrogatory No. 13, above. For each such instance of discipline, please Identify the officer involved, the year of the misconduct, who imposed the discipline, and the type of discipline imposed.

**ANSWER:     This defendant has no knowledge of Chicago Police Officer discipline requested in this interrogatory.**

17.     Please identify each Chicago Police Department file that has ever existed relating to the Lewis Homicide Investigation or RD No. HT625369 and for each such file identify by Bates Number or otherwise describe: (a) every Document that was associated with the file as of the date of Plaintiff's arrest; (b) every Document that was associated with the file as of the date of Plaintiff's criminal trial; (c) every Document that was associated with the file as of the date of Plaintiff's exoneration (October 2, 2024); (d) every Document that is associated with the file as of today's date; (e) every Document that was associated with the file at any time in the past but which is no longer in the file; (f) every Document that was provided to state prosecutors before Plaintiff's criminal conviction; and (g) every Document that was provided to Plaintiff or his attorneys before Plaintiff's criminal conviction.

**ANSWER:     This defendant has no knowledge regarding the City of Chicago Police Department files relating to the Lewis Homicide Investigation or RD No. HT625369.**

Thomas J. Condon, Jr. (6276438)
John P. Wise (6238380)
MONTANA & WELCH, LLC
11950 South Harlem Avenue, Suite 102
Palos Heights, IL 60463
(708) 448-7005
tcondon@montanawelch.com
jwise@montanawelch.com

Respectfully submitted,
Defendant Village of Franklin Park,

By: */s/ Thomas J. Condon, Jr.*
    One of Defendants' Attorneys

7

I, Michael Witz, Director of Police, believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief.
I verify under penalty of perjury that the forgoing is true and correct.

Dated: August 5, 2025                                    */s/ Michael Witz*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALEXANDER VILLA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25 cv 01968 |
| v. | ) | |
| | ) | |
| ANTHONY NORADIN, SAMUEL CIRONE, WILLIAM | ) | Honorable Judge Matthew F. Kennelly |
| BROGAN, DENIS WALSH, JOEL KELLER, JOHN | ) | |
| GRAHAM, ALBERT PEREZ, DONALD FALK, JAMES | ) | |
| GILGER, JOHN HILLMAN, TIMOTHY MCDERMOTT, | ) | |
| MARC LEAVITT, HECTOR ALVAREZ, JOHN FOLINO, | ) | |
| MAURIZIO INZERRA, DEMOSTHEN BALODIMAS, | ) | |
| GARY YAMASHIROYA, CHRISTOPHER KENNEDY, | ) | |
| JAMES SANCHEZ, MATTHEW CLINE, CHARLES | ) | |
| DALY, ED ZABLOCKI, GERRY MCCARTHY, | ) | |
| NICHOLAS ROTI, JOSEPH GORMAN, SCOTT | ) | |
| DEDORE, MICHAEL DYRA, MICHAEL NUNEZ, JOEL | ) | |
| BEMIS, SCOTT KORHONEN, JOHN ESCALANTE, LEO | ) | |
| SCHMITZ, SHEAMUS FERGUS, ROBERT BARTIK, | ) | |
| RICHARD GREEN, NICHOLAS SPANOS, the CITY OF | ) | |
| CHICAGO, FRANCO DOMMA, NANCY ADDUCI, | ) | |
| ANDREW VARGA, JOHN BRASSIL, and COOK | ) | |
| COUNTY, DON GUILIANO, the VILLAGE of | ) | |
| FRANKLIN PARK, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICER DON GIULIANO'S AND DEFENDANT VILLAGE OF**
**FRANKLIN PARK'S RESPONSE TO PLAINTIFF'S REQUEST TO PRODUCE**

NOW COME the Defendants, VILLAGE OF FRANKLIN PARK and OFFICER DON

GIULIANO, by and through their attorneys of record, MONTANA & WELCH, LLC, and

hereby submit the following response to Plaintiff's Request to Produce:

**PRELIMINARY STATEMENT**

The investigation and development of all facts and circumstances relating to this action are

ongoing. These responses and objections are made without prejudice to, and are not a waiver of,

Defendants' right to rely on other facts or documents at trial.

1

By making the accompanying responses and objections, Defendants do not waive, and hereby expressly reserve, their right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Defendants make the objections herein without in any way implying that it considers the Requests, and responses to them, to be relevant or material to the subject matter of this action.

Defendants expressly reserve the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental or amended response(s).

Discovery in this litigation is not complete, and Defendants have not completed their factual investigation, discovery, or trial preparation. Therefore, Defendants reserve the right to rely on any facts, documents, or other evidence which may be developed or subsequently come to its attention, and to supplement or amend these objections as additional information becomes known to it.

## REQUESTS FOR PRODUCTION

1.      All Documents that relate to, support, or rebut any of the allegations or claims in Plaintiff's Complaint.

**RESPONSE: None other than those disclosed in Defendants' Initial 26(a)(1) Disclosures.**

2.      All Documents relating to the Lewis Homicide Investigation and the investigation, arrest, interrogation, lineup, identification, charging, or prosecution of Plaintiff for the Lewis Homicide, including but not limited to any and all police reports, collected evidence, forensic and other testing results, DNA profiles, lab reports, logs, notes, handwritten notes, charts, instrument and computer print outs, crime scene photographs, photographs or reports of live or photo lineups or arrays, photographs of Plaintiff or other witnesses, electronically stored information, Communications, photographs, and videos.

**RESPONSE: None other than those disclosed in Defendants' Initial 26(a)(1) Disclosures.**

2

3.     All Documents relating to the Lewis Homicide Investigation and the investigation, arrest, interrogation, lineup, identification, charging, or prosecution of Plaintiff for the Lewis Homicide stored within each and every unit of the Village of Franklin Park Police Department, as well as any storage warehouses, rooms, repositories, or other areas used by any unit of the Village of Franklin Park Police Department.

**RESPONSE: None other than those disclosed in Defendants' Initial 26(a)(1) Disclosures.**

4.     All transcripts, video recordings, tape recordings, radio and emergency transmissions, or other electronic audio or visual communications (or Documents memorializing the same) relating to the Lewis Homicide Investigation or the subjects described in Plaintiff's Complaint or in Plaintiff Clay or Plaintiff Colon's respective complaints.

**RESPONSE: None in the possession of these defendants.**

5.     Any and all documents reflecting witness statements, notes of witness statements, or information provided by witnesses relating to the Lewis Homicide Investigation or any of the events described in Plaintiff's Complaint or Plaintiff Clay or Plaintiff Colon's respective complaints.

**RESPONSE: None other than those disclosed in Defendants' Initial 26(a)(1) Disclosures.**

6.     All Documents relating to or supporting Defendants' Affirmative Defenses or Answers to Plaintiff's Complaint in this action, including all Documents upon which you may rely at trial.

**RESPONSE: None other than those disclosed in Defendants' Initial 26(a)(1) Disclosures and those that are in the possession of Plaintiff. These defendants have not yet determined what documents upon which they may rely on a trial.**

7.     All Documents which support or relate to any of your responses to any of Plaintiff's Interrogatories and Requests to Admit in this case. As with all requests, please timely supplement your response to this request for production throughout this litigation.

**RESPONSE:   None other than those disclosed in Defendants' Initial 26(a)(1) Disclosures.**

8.     All Documents relating to Plaintiff, including but not limited to color copies of any photographs taken of Plaintiff.

**RESPONSE: None other than those disclosed in Defendants' Initial 26(a)(1) Disclosures.**

9.     All Documents relating to any Village of Franklin Park investigation or internal investigation (*e.g.*, internal affairs, IPRA, OPS, COPA, employee discipline, disciplinary review, police board, etc.) undertaken in connection with the events described in Plaintiff's Complaint, or Plaintiff Clay or Plaintiff Colon's respective complaints, including any and all attachments and any and all investigator notes.

**RESPONSE:   None in the possession of this defendant.**

10.     All Documents relating to any criminal investigation of any Individual Defendant, including but not limited to Communications about any such investigation.

**RESPONSE:  None in the possession of this defendant.**

11.     All Documents that reflect the locations, movements, assignments, or contacts made by any Investigator at the times described in Plaintiff's Complaint or Plaintiff Clay or Plaintiff Colon's respective complaints, such as police reports, arrest lists, ticket books, log sheets, daily activity reports, calendars, contact cards, overtime requests, etc.

**RESPONSE: None in the possession of these defendants.**

12.     All Documents that reflect the locations, movements, and assignments of the Investigators from December 29, 2011 to November 22, 2013.

**RESPONSE:  None in the possession of these defendants.**

13.     All Documents relating to any questioning, interview, or interrogation of any witness, including but not limited to Plaintiff, Tyrone Clay, Edgardo Colon, Melvin DeYoung, Destiny Perez, Destiny Rodriguez, Ruben Rodriguez, Yadira DeYoung, Monica Rivera, Israel Velez, Rene Vasquez, and Nicholas Owens, and all witnesses listed on the parties' Rule 26(a)(1) disclosures, including but not limited to video recordings, audio recordings, photographs, polygraphs, Communications, police reports, investigative notes, handwritten notes, testing results, or readouts.

**RESPONSE: None in the possession of these defendants.**

14.     All Documents containing, constituting, or memorializing Communications that refer or relate to the Lewis Homicide Investigation and/or Plaintiff's alleged involvement in the crime. This Request includes but is not limited to all Communications (a) between any of the Defendants or their employees or agents and Plaintiff; (b) among any of the Defendants or their employees and agents; (c) between any Defendants or their employees or agents and any third-party, including other law enforcement agencies; and (d) with the Chicago Police Department, Cook County State's Attorney's Office, United States Attorney's Office, or Federal Bureau of Investigation.

**RESPONSE:  None other than those disclosed in Defendants' Initial 26(a)(1) Disclosures**

15.     All Documents, including Defendants' personal notes, that summarize, reflect, or describe any activities undertaken during the Investigation of the Lewis Homicide.

**RESPONSE: None in the possession of these defendants.**

16.     All Documents, including Street Files or running files, which were not included in

4

the Homicide Investigative File and that summarize, reflect or describe any police actions related to the Lewis Homicide Investigation.

**RESPONSE: None in the possession of these defendants.**

17.     All Documents relating to any Communication between any of the Defendants, or their counsel, employees, agents, representatives, or any Person working on their behalf, and any Person who may have discoverable information or knowledge of the allegations or claims in Plaintiff's Complaint or the Defendants' defenses to Plaintiff's Complaint, including but not limited to any witness disclosed by any of the parties under Rule 26 or in response to Interrogatories.

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiff as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiff's request, including providing any counter- definitions.

**RESPONSE: None in the possession of this defendant.**

18.     Any Documents, including personal notes or the personal file of any Investigators, that were not included in the official file for the Lewis Homicide Investigation or that were not included in the Documents produced to Plaintiff or his criminal defense attorneys during the pendency of his criminal or post-conviction proceedings and that summarize, reflect, or describe any activities undertaken during the Investigation of the Lewis Homicide.

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiff as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiff's request, including providing any counter- definitions.

**RESPONSE: None in the possession of these defendants**

19.     All physical evidence relating to any of the allegations in Plaintiff's Complaint or the Defendants' defenses to Plaintiff's Complaint.

**RESPONSE:  None in the possession of these defendants.**

20.     All Documents that comprise records of physical evidence relating to the Lewis Homicide Investigation.

**RESPONSE: None in the possession of these defendants.**

21.     All Documents, including notes and police reports, that summarize, reflect, or describe any witness interview, lineup (whether live or using a single or multiple photographs), show up, witness identification, or clothing identification procedure conducted during the Lewis Homicide Investigation.

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiff as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiff's request, including providing any counter- definitions.

**RESPONSE: None other than those disclosed in Defendants' Initial 26(a)(1) Disclosures.**

22.     All Documents relating to any oral or written confessions or inculpatory statements purportedly given by Plaintiff, Plaintiff Clay, and/or Plaintiff Colon, including but not limited to all notes relating to any such confession and/or inculpatory statements, any drafts of confessions and/or inculpatory statements written by Plaintiff or any other Person, and every copy of any such confession.

**RESPONSE: None other than those disclosed in Defendants' Initial 26(a)(1) Disclosures.**

23.     All Documents that you may rely upon at trial to suggest that there was probable cause to suspect Plaintiff of involvement in the Lewis Homicide.

**RESPONSE: These defendants have not determined what documents they will rely on at trial.**

24.     Any Documents relating to any confidential informants that were used by the Chicago Police Department or Village of Franklin Park police department during the Lewis Homicide Investigation.

**RESPONSE: None in the possession of these defendants.**

25.     All Documents related to the firing or resignation of any Investigator, including but not limited to any Communication to any Individual Defendant on the subject of firing or resignation.

**RESPONSE: None in the possession of these defendants.**

6

26. All Documents or evidence favorable to Plaintiff that would tend to show that he was not guilty of the Lewis Homicide, including any evidence that would tend to undermine the credibility of any prosecution witness who provided evidence during any of Plaintiff's criminal proceedings.

**RESPONSE: None in the possession of these defendants.**

27. All Documents provided to you by or obtained by you from any of Plaintiff's criminal defense attorneys or their investigators or agents.

**RESPONSE: None in the possession of these defendants.**

28. All Documents relating to the investigation, arrest, interrogation, charging, or prosecution of any person who you have ever considered a suspect in the Lewis Homicide Investigation, through the present day.

**RESPONSE: None in the possession of these defendants.**

29. All Documents related to any Complaint of any person alleging official misconduct of any kind on the part of any of the Individual Defendants. This request specifically seeks but is not limited to (a) a print out of the disciplinary history of each Individual Defendant with information sufficient to determine the date of any Complaint, the type of Complaint, and the result of any investigation or disciplinary proceeding with respect to each such Complaint, and (b) the complete file for each Complaint.

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiff as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiff's request, including providing any counter- definitions.

**RESPONSE: See attached documents Bates Stamped Franklin Park 000686-764.**

30. All Documents relating to the employment with the Village of Franklin Park or the Village of Franklin Park Police Department of any of the Individual Defendants, including complete personnel, employment, internal affairs, training, and disciplinary records for each Individual Defendant.

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiff as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiff's request, including providing any counter-definitions.

7

**RESPONSE: See attached documents Bates stamped Franklin Park 000004-764.**

31. As follows:

    a. *Individual Defendants Only*: a photograph that shows your appearance at or near December 2011.

    b. *Defendant Village of Franklin Park Only*: a photograph that shows the appearance at or near December 2011, of each of the Defendant Officers.

**RESPONSE: See photo taken on or about May 18, 2012, document bates stamped Franklin Park 000229.**

32. Any Documents that support a claim that any of the Investigators acted inconsistently with any of the policies and practices of the Village of Franklin Park, City of Chicago, the Chicago Police Department, or the Cook County State's Attorney's Office at any time during the Lewis Murder Investigation or at any time during any event or circumstance described in Plaintiff's Complaint.

**RESPONSE: None in the possession of these defendants.**

33. All Documents relating to any and all criminal convictions of any Person related to any of the claims or defenses in this action. Please be advised that your duty to supplement your answer to this request remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**RESPONSE: None in the possession of these defendants.**

34. All Documents obtained via third party subpoena in this litigation, including but not limited to court records, prosecutors' records, employment records, medical records, prison/jail records, or any other records.

**RESPONSE: None in the possession of these defendants.**

35. All Documents relating to any Rule 26 expert witnesses retained by Defendants in this matter, including but not limited to: (a) all Communications to and from said expert(s); (b) all Documents provided to and relied upon by said expert(s); and (c) any transcripts of prior testimony or Rule 26 reports of said expert(s). To the extent responsive Documents become available as the litigation proceeds, please supplement your Responses.

**RESPONSE: These defendants have not retained any Rule 26 expert witnesses.**

36. Any and all "demonstrative" aids or exhibits which may be used at trial of this cause. To the extent responsive Documents become available prior to the close of the discovery period, please supplement your Responses.

**RESPONSE: These defendants have not determined what, if any, "demonstrative" aids or**

8

**exhibits which may be used at trial of this cause.**

37. All Documents, including but not limited to documents comprising Communications, relating to the following witnesses or purported witnesses: Plaintiff, Plaintiff, Tyrone Clay, Edgardo Colon, Melvin DeYoung, Destiny Perez, Destiny Rodriguez, Ruben Rodriguez, Yadira DeYoung, Monica Rivera, Israel Velez, Rene Vasquez, Nicholas Owens, and any other witness related to the Lewis Homicide Investigation, including documents within the possession, custody, or control of the Village of Franklin Park.

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiff as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiff's request, including providing any counter-definitions.

**RESPONSE: None other than those disclosed in Defendants' Initial 26(a)(1) Disclosures.**

38. All Documents comprising or relating to any training manual(s), employee handbook, or police procedure manual that any Defendant Officer ever received from the Village of Franklin Park.

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiff as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiff's request, including providing any counter-definitions.

**RESPONSE: These defendants object to Request No. 38 as it is overbroad in time and scope, unduly burdensome, seeks information that is irrelevant, it is not likely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case.**

39. *Defendant Village of Franklin Park Only*: A complete copy of any policies or procedures relating to the discipline of police officers or to disciplinary proceedings that were applicable at any time between 2011 and 2019.

**RESPONSE: None in the possession of this defendant.**

40. *Defendant Village of Franklin Park Only*: All Documents relating to any written policy or procedure of the Village of Franklin Park or the Village of Franklin Park Police Department, regarding any of the following subjects:

> a. documenting or memorializing the various developments in an investigation in such a way that they would become part of the official file as the investigation proceeded, and filing, retaining, storing, or destroying police investigative

9

material, including witness statements, reports, and notes, during the course of an investigation;

b. conducting, documenting, or memorializing photo or in-person lineups, show-ups, clothing line-ups, or any other type of identification procedures, including for adults and juveniles;

c. conducting, documenting, memorializing or recording interviews, questioning, or interrogations of witnesses, including of juvenile witnesses;

d. using incentivized accusers and/or jailhouse informants in criminal investigations;

e. disclosing exculpatory evidence to suspects, criminal defendants, or prosecutors, including through the subpoena response unit;

f. providing, qualifying for, authorizing, and/or documenting overtime hours and/or overtime compensation, including for detectives;

g. protecting the constitutional rights of individuals in police custody;

h. reporting, investigating, identifying, tracking, or reviewing rates by which detectives clear or close investigations, including homicide investigations;

i. reporting, investigating, identifying, tracking, or reviewing allegations of officer misconduct, and/or,

j. disciplining or supervising police officers who engage in misconduct.

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiff as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiff's request, including providing any counter- definitions.

**RESPONSE: These defendants object to Request No. 40 as it is overbroad in time and scope, unduly burdensome, seeks information that is irrelevant, it is not likely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Subject to and without waiving said objections, see Village of Franklin Park Policy Manual Documents bastes stamped**

41. ***Defendant Village of Franklin Park Only***: All Documents identifying any policymaker who was responsible for or had final policymaking authority for any policy or procedure of the Chicago Police Department between 2011 and 2019 on any of the subjects identified in Request for Production No. 40, above, as well as all Documents relating to any effort of those policymaker(s) to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any such policy or procedure.

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiff as vague or ambiguous, please clarify the scope of available documents based on your own reasonable

interpretation of Plaintiff's request, including providing any counter- definitions.

**RESPONSE: None in the possession of this Defendant.**

42. ***Defendant Village of Franklin Park Only***: All Documents relating to any change made to any policy or procedure on any of the subjects identified in Request for Production No. 40, above, between 2011 and 2019.

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiff as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiff's request, including providing any counter- definitions.

**RESPONSE:  None in the possession of this defendant.**

43. ***Defendant Village of Franklin Park Only***: All Documents relating to any training that any Individual Defendant received in connection with his employment, including but not limited to training, on any of the subjects identified in Request for Production No. 40, above.

**RESPONSE: These defendants object to Request No. 43 as it is overbroad in time and scope, unduly burdensome, seeks information that is irrelevant, it is not likely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case.**

44. ***Defendant Village of Franklin Park Only***: All Documents relating to every instance in which an employee of the Chicago Police Department was subject to any form of discipline for failing to follow policies or procedures on any of the subjects identified in Request for Production No. 40, above.

**RESPONSE:  None in the possession of this Defendant.**

45. ***Defendant Don Giuliano Only***: All Documents relating to your total financial net worth, including, but not limited to:

   a. All Documents relating to any assets in your possession with a value in excess of $2,500;
   b. Copies of all monthly statements for the period March 2020 through the present for all bank accounts, retirement accounts, stocks, bonds, mutual funds, and/or securities in which you have any ownership interest;
   c. Copies of any insurance policy in which you are either the beneficiary or have any other ownership interest;
   d. A copy of the deed to your residence(s). If you do not own your home, please produce a copy of a current lease;
   e. A copy of the title to your automobile(s), as well as a copy of all Documents relating to financing, ownership, and any equity you may have in said

11

automobile(s);

f. All Documents relating to any ownership interest in any real estate, including copies of any deeds or titles;

g. A copy of your last four pay stubs relating to any employment in which you are engaged, including but not limited to the Chicago Police Department;

h. All Documents relating to any mortgage applications signed by you in the past four years; and

i. Copies of your three most recent state and federal tax Returns

j. All Documents reflecting the transfer of assets exceeding $10,000, including but not limited to such transfers in the form of a gift, or into a trust.

**RESPONSE: This Defendant objects to Request No. 45 as it is premature. It seeks private information that is irrelevant and is not proportional to the needs of the case. Plaintiff's allegations against this defendant are boilerplate and do not support punitive damages. This defendant's privacy interest outweighs any speculative relevance.**

46. ***Defendant Don Giuliano Only***: All Documents that support a defense by you in this litigation that an award of punitive damages would cause a financial hardship.

**RESPONSE: This Defendant objects to Request No. 46 as it is premature. It seeks private information that is irrelevant and is not proportional to the needs of the case. Plaintiff's allegations against this defendant are boilerplate and do not support punitive damages. This defendant's privacy interest outweighs any speculative relevance.**

47. Documents sufficient to show all cell phone numbers and providers used by the Investigators at any time between December 2011 and the present day. This request specifically includes both work-issued and personal numbers.

**RESPONSE: These defendants object to Request No. 47 as it is overbroad in time and scope, unduly burdensome, seeks information that is irrelevant, it is not likely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case.**

48. All Documents that constitute, reflect, or summarize any payroll, time-keeping, compensation, overtime, compensatory time, or pay records for the Defendant Officers for time working for the Village of Franklin Park Police Department. This request specifically includes any documents reflecting overtime requests, approvals, and denials; authorization for overtime; and notification of overtime to supervisors or other personnel.

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiff as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiff's request, including providing any counter- definitions.

**RESPONSE: These defendants object to Request No. 47 as it is overbroad in time and scope, unduly burdensome, seeks information that is irrelevant, it is not likely to lead to the**

12

**discovery of admissible evidence, and is not proportional to the needs of the case.**

49.     All transcripts, video recordings, audio recordings, radio recordings or transmissions, 911/emergency recordings or transmissions, 311 recordings or transmissions, or other audio or visual documentation, including Documents memorializing the same, depicting or relating to the Lewis Homicide Investigation. This request specifically includes:

a.  All evidentiary and/or autopsy photographs taken in connection with the Lewis Homicide Investigation;
b.  All photographs, audio, or video presented to any witness during the Lewis Homicide Investigation;
c.  All photographs, audio, or video used in connection with the prosecution of Alexander Villa; and/or,
d.  All recordings of and Documents relating to any emergency/911 or 311 calls made at any time on December 29, 2011, regarding any activities within a ten-block radius of the Lewis Homicide.

**RESPONSE:  None in the possession of this defendant.**

50.     All Documents related to homicide investigation file maintenance in the period from 2013 through 2023 (i.e., ten years after the Lewis Homicide Investigation). This request includes each and every unit of the Village of Franklin Park Police Department in which Documents related to homicide investigations are stored or maintained, including any storage warehouses, rooms, repositories, or other areas used by any unit of the Chicago Police Department.

**RESPONSE: These defendants object to Request No. 50 as it is overbroad in time and scope, unduly burdensome, seeks information that is irrelevant, it is not likely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case.**

51.     All Documents related to homicide investigations in the period from 2013 through 2023 (i.e., ten years after the Lewis Homicide Investigation), where there was any claim of actual or alleged withholding of exculpatory or impeaching information from a criminal defendant. This request includes each and every unit of the Village of Franklin Park Police Department in which Documents related to homicide investigations are stored or maintained, including any storage warehouses, rooms, repositories, or other areas used by any unit of the Chicago Police Department.

**RESPONSE: These defendants object to Request No. 51 as it is overbroad in time and scope, unduly burdensome, seeks information that is irrelevant, it is not likely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case.**

52.     All Documents related to any Allegation of Misconduct against any Village of Franklin Park Police Department officer from 2008 through 2018 alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive, coercive, or torturous methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment or suppression of evidence, use of unduly suggestive visual, voice, or clothing identification procedures, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct. This request specifically seeks but is not

13

limited to (a) the date of any Allegation of Misconduct, the type of Allegation of Misconduct, and the result of any investigation or disciplinary proceeding with respect to each such Allegation of Misconduct, and (b) the complete file for each Allegation of Misconduct within the period specified in this request.

**RESPONSE: These defendants object to Request No. 52 as it is overbroad in time and scope, unduly burdensome, seeks information that is irrelevant, it is not likely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case.**

Thomas J. Condon, Jr. (6276438)
John P. Wise (6238380)
MONTANA & WELCH, LLC
11950 South Harlem Avenue, Suite 102
Palos Heights, IL 60463
(708) 448-7005
tcondon@montanawelch.com
jwise@montanawelch.com

Respectfully submitted,
Defendants Village of Franklin Park,
and Officer Don Giuliano

By: */s/ Thomas J. Condon, Jr.*
    One of Defendants' Attorneys

14